PIERCE, HANES & BROWN v. J. W. ALSPAUGH, Adm'r.

*Contract—Liability of Partners—Judge's Charge.*

1. Where A rents and takes possession of a ware-house and afterwards associates himself in business with B and C, the two latter do not become jointly liable with A for the rent by occupying the building with him for partnership purposes.

2. If the judge undertakes to state the law he must do it correctly and any mistake is assignable for error; but it is not error to omit to charge in a particular way in the absence of a prayer for such charge.

(*Morehead* v. *Wriston*, 73 N. C., 398; *Parker* v. *Shuford*, 76 N. C., 219; *Bynum* v. *Bynum*, 11 Ired., 632; *Avery* v. *Stephenson*, 12 Ired. 34, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of FORSYTH Superior Court, before *Buxton, J.*

Verdict and judgment for plantiffs, Hanes & Brown; appeal by defendant.

*Mr. J. C. Buxton,* for plaintiffs.
*Messrs. Watson & Glenn,* for defendant.

SMITH, C. J.   The plaintiffs bring their action for goods sold and delivered to the defendant's intestate between the 19th and 30th days of September, 1878, to which the defendant sets up a counter-claim for rent due his intestate, based upon the following facts:

The intestate leased to the plaintiff, Pierce, a warehouse belonging to him for three years commencing on the 1st day of October, 1877, afterwards reduced to one year, at a rent of eight hundred dollars *per annum*, payable in quarterly instalments of two hundred dollars each.   Pierce took possession of the premises and for a short space carried on business in his own name, when he formed a co-partnership association with the other plaintiffs which was to relate

back to the date of the commencement of the lease and to subsist as and from that day. During the year the firm needing larger accommodations induced the intestate to put up an additional building, for the rent of which they agreed to pay at the rate of ten or twelve per cent per annum on the cost thereof and in addition to the rent upon the original contract. The new structure was completed and the plaintiffs entered into possession of that also on the 1st day of April, 1878, occupying both buildings until the expiration of the term of the lease. It was in evidence that the plaintiffs, Hanes and Brown, had settled with the partner Pierce and paid him their full shares (one-third for each) of the rent of the whole property, and that Pierce had become and was entirely insolvent. There remains due the intestate of the original renting the sum of two hundred dollars, and of the renting of the new building the sum of twenty dollars, which the defendant contends should extinguish the plaintiffs' demand, and he have judgment for the residue. The only question raised is whether the plaintiffs, as a partnership, have become responsible for both rents to the intestate's estate. The defendant's counsel asked for the following instruction :

If any rent was due for the ware-house for the year ending September 30th, 1878, in law the plaintiffs, as partners, were all bound therefor, and this notwithstanding an agreement between Pierce and the incoming partners that they should pay him their respective parts of the rent, and their subsequent payment to him.

The court declined to give the instruction and charged the jury that if Pierce rented the warehouse for himself from Norwood (the intestate) for a year, the property was his for that time and he was liable for the rent; if afterwards he associated the other plaintiffs with him in business, they agreeing to pay him, each, one-third of the rent, and they had accordingly paid him their shares in full, then the

plaintiffs, Hanes and Brown, were not liable to the lessor for any part of the original rent. The court also added that if upon an adjustment of the accounts of the partnership, any moneys should be found due to Pierce, such sum could be reached and appropriated to the counter-claim, and an account might be taken to ascertain the fact. It being conceded that nothing could be obtained by a reference, this part of the charge becomes immaterial.

1. It is manifest that the defendant has no cause of complaint either of the refusal to give the instruction asked, or of that which was given. The original contract was with Pierce alone, he then doing business alone and the other plaintiffs not being associated with him, and they can be rendered liable, not by the use of the rented building, but by a direct assumption of the debt to the intestate or such recognition of a common obligation as implies a promise to pay. *Morehead* v. *Winston*, 73 N. C., 398; *Parker* v. *Shuford*, 76 N. C., 219.

2. The charge given is unexceptionable and the law properly declared by the court. The defendant may have been entitled to have the question submitted to and passed on by the jury, whether the firm had not assumed the payment of the rent, and this inferred from the subsequent arrangement in which all participated for the erection of the new house for the accommodation of the partnership business; and the fact mentioned in the case that the firm was to be responsible for the rent of this "*in addition to the said eight hundred dollars rent,* in connection with the common occupation and use of both by all the partners." The quotation from Collier on Partnership, section 526, strongly sustains the proposition that the facts warrant such a deduction.

But no instructions on the point were asked, and as no error is perceived in the charge as given in accordance with repeated adjudications, the exception is not open to the de-

fendant. When a judge refuses to charge as requested and undertakes to state the law, he must state it correctly, and if he does not, it may be assigned for error, but an omission to charge what if requested he ought to have charged is not an error of which a party can complain. *Bynum* v. *Bynum*, 11 Ired., 632; *Avery* v. *Stephenson*, 12 Ired., 34; *Jones* v. *Bunker*, at this term.

The judgment must therefore be affirmed and it is so ordered.

No error. Affirmed.