MARY L. BRANTON v. CALVIN O'BRIANT.

*Facts found by the Court—Depositions—Judge's Charge—Landlord and Tenant—Notice to quit.*

1. The finding of facts by the Judge, when he is authorized by law or the consent of parties to pass upon them, is as conclusive as the verdict of a jury upon issues submitted, *if there be evidence;* if there be *no evidence,* it is an error in law, open to correction, in either to find them.

2. The finding by the trial Judge that a witness, whose deposition is offered, was not within the State, there being some evidence of these facts, will not be reviewed in the Supreme Court. The Code, §§ 1357, 1358.

3. The omission of the Court to give a charge, to which a party would have been entitled, is not error, unless the same was requested in apt time and refused. The Code, § 412.

4. It was not error to charge the jury that, if the tenant leased the premises at five dollars per month and had held over for several months, paying the same rent without any new agreement, he was a tenant from month to month, and entitled to fourteen days notice to quit.

BRANTON *v.* O'BRIANT.

(*State* v. *Norton,* 1 Winst., 296 ; *Flynt* v. *Bodenhamer,* 80 N. C., 205 ; *State* v. *Secrest,*
*Ibid.,* 450 ; *State* v. *Sanders,* 84 N. C., 728 ; *State* v. *Efler,* 85 N. C., 585 ; *State* v.
*Burgwyn,* 87 N. C., 572 ; *Cardwell* v. *Cardwell,* 64 N. C., 621 ; *Bushe* v. *Turner,* 85
N. C., 500 ; *State* v. *O'Neal,* 7 Ired., 251 ; *Harrison* v. *Chappell,* 84 N. C., 258 ;
*Tayloe* v. *Steamboat Co.,* 88 N. C., 15 ; *Frye* v. *Currie,* 91 N. C., 436 ; *Bynum* v.
*Bynum,* 11 Ired., 632 ; *Burton* v. *Railroad,* 82 N. C., 504 ; *Pierce* v. *Alspaugh,* 83
N. C., 258, cited and approved).

The action is to recover damages for an ASSAULT, alleged to have
been committed on the plaintiff at her residence in Durham, and
was tried before *Shepherd, Judge,* at Spring Term, 1885, of
ORANGE Superior Court.

The defendant denied the charge and averred that he, owning
the house, had leased it to the plaintiff from month to month for
the preceding ten months; that the tenancy had been put an end
to by her failure for four months to pay the rent and his giving
the notice required by law to surrender the premises; that he had
leased the premises to a new tenant, and was there to put him in
possession; and that he used no more force than necessary to pro-
tect his own person from an angry and violent attack, made on
him by the plaintiff, and in the exercise of his proprietary
rights.   Upon issues submitted to the jury as to the assault and
damages sustained, the plaintiff testified that she had occupied
the premises at a monthly rent of five dollars from January 1st,
1881, to the first day of November after, when the assault was
made, and had paid the rent up to the preceding month, and had
received no notice to quit; that a short time before, one of her
children informed her that the defendant had been at the house
and wanted it, in consequence of which she had rented another
and intended to move into it on the day next after the assault
was made.

The testimony of the plaintiff and of the defendant, as to the
assault and attending circumstances, essentially differed, though
the statement of each had corroborative support.   It is not need-
ful to set it out in order to present the exceptions, since the jury
passed upon it and rendered a verdict for the plaintiff.

In rebuttal of the evidence offered by the defendant, the plaintiff proposed to read the deposition of Lula Williams, taken on July 1st, 1882, at Durham, to which defendant objected, "because it did not appear that the witness was not within seventy-five miles of the Court," as required by The Code, sec. 1308, par. 9, in order to its being read. Upon the question of competency, the plaintiff swore in substance, that the witness had lived in Durham, and when last seen by her, the witness said she was going to Virginia, and did leave and had never returned. Subpœnas to the sheriffs of Durham and Person for the witness were produced, and both of which were returned that she was not to be found in their counties—the sheriff of the former adding, "her brother says she is in Virginia," in his return made within a week before the trial.

' The only evidence offered by defendant to support his objection is contained in an affidavit of the plaintiff, made at a former term, to obtain a continuance, so much of which as has any bearing upon the matter before the Court, and was relied on by the defendant, is as follows: '

Mary L. Branton, the plaintiff in the above entitled action, being duly sworn, says: "she cannot safely go to trial in the above entitled action, because of the absence of Miss Lula Williams, a material witness for her; that a subpœna was 'duly served on Miss Williams on the 1st day of April, 1882; that on the 22d day of March, 1883, she caused another subpœna to issue to the sheriff of Durham county, the former home of the witness, which subpœna was returned with the endorsement: "Served on all but Miss Lula Williams, who is not to be found in my county; her father, C. H. Williams, says she is in the State of Virginia," and signed by the sheriff of said county; that prior to the 20th day of June, 1882, learning from Miss Williams that she was going shortly to reside in the State of Virginia, she caused her deposition to be taken, to be used in this action, on the 1st day of July, 1882; that she is now informed since coming to the town of Hillsboro to attend this term of the

Superior Court, that Miss Williams is probably within seventy-five miles of the Court, and in the county of Person; that she did not know or have reason to believe that Miss Williams was within seventy-five miles of said Court, till so informed this day after coming in said town; that said deposition was read at the trial of this action at the last term of this Court; that she has had no opportunity to issue a subpœna to Person county for said witness; that said witness is not absent with her procurement or counsel.

Upon this evidence, the Court found as a fact that the witness was not in the State, and admitted the deposition, to which the defendant excepted.

The Court, in response to an instruction prayed for on the part of the plaintiff, charged the jury that if plaintiff rented the house at five dollars per month, and had held over for several months, paying the same rent without any new agreement, that she would be a tenant from month to month, and would be entitled to fourteen days notice to quit; that if such was the case, and such notice was not given, the defendant could not take possession and eject the plaintiff or her property by force and violence, she being present and forbidding the same; and if defendant went into the adjoining room and was about to throw plaintiff's trunk out, and that she did nothing more than warn him not to do so, and that thereupon defendant shoved and kicked her, so that she fell out of the door, that they should find the first issue in favor of the plaintiff. But that if the defendant entered peaceably, went into the adjoining room and invited Cash to bring his things in, and that Cash declined to do so, and that thereupon the plaintiff assaulted him, that the defendant would have a right to use sufficient force to protect himself; and that if he used no more force than was necessary to protect himself, the first issue should be found in his favor. But that if he used force for the purpose of protecting himself against her assault, and used more than was necessary, then the jury should find the issue in favor of the plaintiff.

No instructions were asked for by the defendant.

There was a verdict for the plaintiff on both issues, and the defendant moved for a new trial on the following grounds:

1. Because the Court improperly admitted the deposition of Lula Williams.

2. Because the Court should not have charged the jury in reference to the tenancy, without also stating that the plaintiff was a tenant by sufferance, and that the defendant had a right to the possession of the house.

3. Because the Court should not have given the charge in reference to excessive force on the part of defendant without stating that if defendant entered peaceably into the house, and plaintiff made an assault upon him, the defendant had a right to use such force as was necessary to protect his own person, and also to eject the plaintiff from the house, and that unless the defendant was guilty of excessive force, he would not be liable.

The motion for a new trial was overruled.

There was a judgment for plaintiff, and defendant appealed.

*Mr. W. W. Fuller*, for the plaintiff.
*Messrs. Ruffin & Graham*, for the defendant.

SMITH, C. J., (after stating the case). The application for a new trial upon any of the grounds assigned, was properly denied:

1. The exception to the admission of the deposition is untenable, since the finding of the facts by the Court, in cases where the Judge is authorized by law or consent of parties to pass upon them, is as conclusive as when found by a jury upon issues submitted to them, *if there be evidence;* when there is none, it is alike an error in law, in either to find them, open to correction. So it has been repeatedly ruled in past adjudications, referred to by appellee's counsel.

Thus the Court has been called on to ascertain and determine, whether a witness was of negro blood, within the prohibited de-

grees, when in certain cases this disqualification existed. *State* v. *Norton,* 1 Winst., 296.

Whether, as an expert, he was competent to testify. *Flynt* v. *Bodenhamer,* 80 N. C., 205; *State* v. *Secrest, Ibid.,* 450.

Whether confessions of one accused of crime proceed from undue influence, acting upon his hopes or fears; *State* v. *Sanders,* 84 N. C., 728; *State* v. *Efler,* 85 N. C., 585; *State* v. *Burgwyn,* 87 N. C., 572, and numerous other cases.

And whenever the finding of facts devolves upon the Judge, by law or by consent, substituted for the jury; *Cardwell* v. *Cardwell,* 64 N. C., 621; *Burke* v. *Turner,* 85 N. C., 500.

2. If instructions were desired, they should have been asked before the rendition of the verdict, and in strictness, before the retirement of the jury. One cannot be allowed to remain silent, speculating upon the result, and when it is adverse, complain that the instructions were not given. Proceedings in court must be controlled by rules prescribed, and tending to secure fair trials and prevent surprise. An omission in the charge delivered is the fault of counsel, not a reviewable error in the trying Judge. This is too well settled to require comment, alike under the old and new practice. *State* v. *O'Neal,* 7 Ired., 251; *Harrison* v. *Chappell,* 84 N. C., 258; *Tayloe* v. *Steamboat Co.,* 88 N. C., 15; *Frye* v. *Currie,* 91 N. C., 436.

In the last cited case, the Court, quoting and construing sec. 412, par. 3, of The Code in its present form, thus speaks: "It is obvious that an omission to give a charge, to which a party would have been entitled, will not be a reviewable error, *unless requested and refused.* And it is equally manifest that the expression "in his instructions generally," is meant to embrace such instructions as involve an erroneous statement of the law. When the Judge undertakes to lay down the law, he must lay it down correctly, that is, *the legal proposition must be in itself correct.* The enactment is but the affirmation of previous rulings. *Bynum* v. *Bynum,* 11 Ired., 632; *Burton* v. *Railroad,* 82 N. C., 504; *Pierce* v. *Alspaugh,* 83 N. C., 258.

No error is pointed out in the charge, and we discover none. The renting was from month to month, as the defendant in his answer admits, and had subsisted since the beginning of the year, and could be legally terminated only by a preceding notice of fourteen days. The Code, § 1750. This is not shown to have been given before the defendant's entry upon the premises in the assertion of his proprietary right, and consequently it was unlawful. Force employed in expelling the plaintiff under such circumstances finds no legal justification in the defendant's ownership of the property. There is no error, and the judgment is affirmed.

No error.　　　　　　　　　　　　　　　　　　Affirmed.