W. T. BUNTING and others v. JESSE STANCILL and others.

*Proceeding to Drain Land—Jurisdiction.*

1. Under ch. 222, Laws 1876–7, proceedings to drain land must be commenced by summons returnable to a regular term of the Superior Court.

2. The provisions of ch. 142, Laws 1876–7 are repealed by ch. 222.

PROCEEDING for Draining Lands commenced before the Clerk, and heard at Spring Term, 1878, of EDGECOMBE Superior Court, at Chambers, before *Henry, J.*

The defendant objected to the jurisdiction, the objection was sustained by the Court, on the ground that the proceeding should have been commenced by summons returnable to the Court at term time as provided by ch. 222, Laws 1876–'77, and the proceeding dismissed, from which ruling the plaintiffs appealed.

*Messrs. Battle & Mordecai,* for plaintiffs.
*Mr. J. L. Bridgers, Jr.,* for defendants.

SMITH, C. J. At the last session of the general assembly an act was passed and went into effect on the 27th day of February, 1877, which repeals chapter 39 of Battle's Revisal and chapter 112 of the acts of 1874-'75, and reinstates and declares in force chapter 164 of the acts of 1868-'69. The statute thus revived provides fully for the drainage of wet and overflowed lands, through canals or ditches cut in the lands of others, and regulates in detail the proceedings necessary thereto.

At the same session another act was passed entitled, "An act for draining wet lands," which was ratified on the 9th day of March following, and was in force from and after that day. Acts of 1876-'77, ch. 222. This act also undertakes to regulate the whole subject of drainage, and is full and explicit in prescribing how its provisions shall be carried into effect. It also repeals all laws and clauses of laws in conflict with itself. § 14. This act directs proceedings to be commenced by summons "returnable to the next term of the Court," that all persons interested be made parties, and that a complaint shall be filed as in civil actions. This was not done by the plaintiff, but he commenced his suit as a special proceeding before the clerk under the act of February 27th, and if this act is superceded and annulled by the act of March the 9th, his action must fail. This is in our opinion the correct view of the case. The two acts are *in pari materia,* cover the entire subject matter of drainage and reclaiming of wet lands, and direct how it shall be done. Their provisions are inconsistent, and confusion and embarrassment would flow from an attempt to give effect to each. The last expression of the legislative will must in such case prevail. It is true there may be cumulative remedies for the enforcement of

the same right, and to be sought in concurrent jurisdictions. But when the right and remedy are given in a single enactment, and as here, are so inseparably associated that the one can not be enjoyed except through the use of the other, it must be considered as having the effect of repealing the former legislation for which it is substituted. The title of the act clearly indicates this purpose, as do the provisions contained in its body execute that purpose.

We therefore declare that the plaintiff has misconceived his remedy and his action was properly dismissed.

No error.

PER CURIAM.                    Judgment affirmed.