STATE v. WILLIAM NICHOLSON.

*Judge's  Charge—Appeal.*

An omission of the judge to charge that there is no evidence on a controverted point, where there is no prayer for instructions, and no exception to the charge until after the jury have have rendered a verdict adverse to the appellant, is not assignable for error.

(*State* v. *Caveness*, 78 N. C., 484; *State* v. *Austin*, 79 N. C., 624; *Bynum* v. *Bynum*, 11 Ired., 632; *Burton* v. *R. R. Co.*, 84 N. C., 192, cited and approved.)

INDICTMENT for larceny and receiving tried at June Term, 1881, of WAKE Superior Court, before *Shipp, J.*

The facts necessary to an understanding of the exception made by the defendant are stated in the opinion of this court. The jury returned a verdict of guilty of receiving, &c., judgment, appeal by defendant.

*Attorney General,* for the State.
*Messr's. Bledsoe & Bledsoe,* for defendant.

SMITH, C. J.   No complaint is made of any ruling of the court upon the trial, and as the record expressly states, no exception taken to the charge given the jury.  After the rendition of the verdict acquitting the defendant of the larceny imputed in the first count of the indictment and convicting him of the offence of receiving the goods knowing them to have been stolen contained in the second count, the motion for a new trial was made upon the ground that there was no evidence to support the finding upon the latter, and the court should have so directed the jury.

The rule is well settled in the practice of this state, that the omission of the judge to instruct the jury upon a point on which if he had been so requested it would have been the duty of the judge to advise and direct the jury, cannot for the first time be assigned for error in this court; and it would seem equally reasonable to require the appellant, in the language of BYNUM, J., delivering the opinion in *State* v. *Caveness*, 78 N. C., 484, " before or during the charge and before the jury shall be sent out to consider of their verdict, to ask for such instruction to the jury, both as to evidence improperly admitted and that which has been stated correctly, and to declare and explain the law arising thereon. Fairness to the judge, as well as the due and orderly administration of justice, requires that his attention should be called to all errors and omissions in stating the evidence before it is too late to correct them—that is, before the jury retire from the box, and certainly before the verdict is returned." The same proposition is reiterated in terms not very dissimilar in *State* v. *Austin*, 79 N. C., 624, recognizing the same rule laid down in *Bynum* v. *Bynum*, 11 Ired., 632, and approved in *Burton* v. *R. R. Co.*, 84 N. C., 192.

But aside from this difficulty in reviewing the exception as presented, we are clearly of opinion that it has no force, and that the case was properly submitted to the jury upon both counts.   The owner of the goods described in the bill

testified that hearing of the larceny he returned to his store and these articles were missing, the store having been entered about 4 o'clock in the afternoon ; that with another he pursued and arrested the defendant about one hour and a half thereafter, and that he had the four shirts which the witness identified as his own, " wrapped up in his coat so as not to be seen at all." Another witness, who accompanied the prosecutor to make the arrest, testified that he saw the defendant passing down the railroad, some two hundred yards from the store with the shirts under his arm, " covered up all but one end by his coat," and that the arrest was made about a half mile from Clayton in Johnston county, five miles from the store. It does not appear that the defendant then made any explanation of the manner in which he came into possession, but on his trial and examination on his own behalf, he swore that he met an Irishman, a stranger whom he had never met before, who had the articles and offered him successively the hat, the shoes and the shirts ; that he refused the two former because he would not wear a wool hat, and did not wear brogan shoes, but accepted the shirts because his own was dirty ; that he paid nothing and was asked nothing for them, and they were given him.   •

We think the evidence warranted the verdict of guilty on the second count, as if believed it would have justified a similar verdict upon the first. The concealment and the absence of any explanation of his possession when he was arrested, were evidence of the *scienter.* or guilty knowledge, the weight of which the jury alone were to determine, even if credit was given to so much of the defendant's testimony as related to the manner in which the stolen articles passed into his possession. It belongs exclusively to the jury to say whether any and how much of the testimony of a witness is entitled to belief. In the exercise of this right, when there is any evidence, this court will not interfere.

There is no error. Let this be certified to the end that judgment may be pronounced upon the verdict.

No error.                                              Affirmed.