CHARLES W. TAYLOE v. OLD DOMINION STEAMSHIP COMPANY.

*Trial—Exceptions must be taken in apt time.*

Exceptions taken, after verdict, to issues, to evidence, or to the charge, will not be entertained; and exceptions to the making up the case on appeal cannot be taken here.

CIVIL ACTION tried at Fall Term, 1882, of BEAUFORT Superior Court, before *Gilliam, J.*

This action is prosecuted against the defendant company to recover for losses sustained by reason of negligence and delay in transporting and delivering to the plaintiff at Washington, N. C., certain goods shipped by a connecting line from Baltimore. The goods as described in the bill of lading consisted of Slingluff's dissolved bone, and plaster, 25 bags of each; 25 boxes home fertilizers; and 25 bags of acid phosphate. The articles arrived in due time at the point of destination, and were stored with other freight in the company's warehouse, and so covered up as to have escaped notice, and when the plaintiff enquired for them, as he several times did, he was informed that they had not come. They thus remained several weeks and became depreciated in market value, entailing by their sale the damages claimed in the present suit.

The defendant company resists the recovery upon the ground:

1. That the defendant's agent at Washington (T. H. B. Myers), for the delivery of goods transported by the line of steamers, was also constituted by the plaintiff his agent to receive

and store, subject to his orders, and that by virtue thereof they passed at once on arrival from the custody of the company into the hands of Myers acting in the latter capacity, and were then in law delivered to the plaintiff.

2. That the articles are *"commercial fertilizers,"* intended to be sold and used as such, and were imported into the state without the prepayment of the tax required of the plaintiff, and without having on the bags and box the label or stamp directed by law, and in direct violation of the provisions of sections 8 and 9 of the act of March 12th, 1877.   Acts 1876–'77, ch. 274.

The only issue, except issues relating to the damages, prepared and submitted to the jury is in these words:

Were the goods sued for delivered, upon their arrival, to T. H. B. Myers as the agent of the plaintiff? and the jury respond thereto in the negative.

It is stated in the case signed and sent up by the judge, that no exceptions were taken to the issues, to the evidence, or to the charge given to the jury, until after the rendition of the verdict. It was then contended by the defendant's counsel before the court that,

1. The evidence taken as true in any of its aspects did not warrant a recovery, because it showed a legal delivery of the goods by the defendant to the plaintiff, and discharged the former from liability; and

2. The contract, founded upon an illegal introduction of the goods, was itself void, and could not be enforced.

*Messrs. C. F. Warren* and *Geo. H. Brown, Jr.,* for plaintiff. No counsel for defendant.

SMITH, C. J., after stating the above.   Upon these facts it is difficult to find any grounds to sustain the defendant's appeal. The counsel for the company acquiesced by not making any exception at the time when it ought to have been made, if made at all, in all that preceded the finding of the jury, in the framing

of the issues, and in the charge of the court; and it is now too late to complain of this action.

The defence, predicated upon the alleged illegal importation, we must deem to have been abandoned, since no issue in regard to it was submitted or suggested ; and, if desired, this should have come from the appellant. Upon the verdict then judgment was properly rendered for the plaintiff, and, no error appearing in the record in reference thereto, must be affirmed.

But it is insisted for the defendant, as is disclosed in the memorandum signed by defendant's counsel assenting to the delivery to the judge of the plaintiff's exceptions to the case made out by appellant as equivalent to service of them upon appellant's counsel, that the exceptions are not in form "specific amendments" as prescribed by the Code, § 301, and ought to have been disregarded, leaving that prepared for appellant to stand and accompany the record.

The exception to the modifications proposed by the appellee for vagueness or other cause, should have been taken before the judge at the time fixed for hearing and passing upon the amendments and preparing the case to be sent up, and not having then been taken, it cannot be entertained here. Our appellate jurisdiction is exercised in correcting errors of law committed in the court below, and in reviewing rulings to which exceptions are there taken.

While unnecessary to examine the appellee's amendments and their liability to the imputation of being too indefinite, we think the two latter, which furnish the materials to supply alleged omissions, are sufficiently specific to meet the substantial requirements of the Code, while the statement of the testimony contained in both cases is essentially similar in presenting the merits of the controversy, and to this the first amendment is confined. But however well founded the appellant's complaint may be of the form of the amendments, it is enough to say they are not properly before us upon the appeal.

3

It must therefore be declared that there is no error in the record, and the judgment must be affirmed.

No error.                                                    Affirmed.