A. M. WILLEY v. THE NORFOLK SOUTHERN RAILROAD COMPANY.

*Easement— User—Abandonment—Presumption—Railroads— Judge's Charge.*

1. The continuous use of a road as of right, for the prescribed time, is evidence of the acquirement of the easement, and in the absence of other evidence it is conclusive.

2. Interruptions of the use of an easement when brought to the knowledge of the claimant, rebut the presumption of a grant, unless such interruptions are promptly contested by the claimant and the easement re-asserted.

3. Interruptions of the use after the lapse of the time which raises the presumption of a grant of the easement, furnish evidence of, but do not constitute of themselves an abandonment.

4. As the presumption of a grant will arise by an adversary and continuous use of an easement for twenty years, so a disuse occurring afterwards for the same length of time, will raise a presumption of a surrender or extinction of the easement in favor of the servient tenement.

5. Where the plaintiff had a right to use a road which ran over the right of way of a railroad corporation, the corporation has no right to obstruct such road, when such obstructions were not necessary for purposes of the corporation.

6. Exceptions to the Judge's charge and prayers for special instructions must be made before verdict.

7. Where the appellant excepted to the Judge's charge on the question of damages, but did not point out what he considered to be the error, and did not ask for any special instruction; *It was held*, that the judgment would be affirmed, if the charge contained no intrinsic error, although it was not as full as it might have been.

(*Brown* v. *Morris*, 4 D. & B., 429; *Ward* v. *Herrin*, 4 Jones, 23; *Moore* v. *Hill*, 85 N. C., 218; *Strickland* v. *Draughan*, 88 N. C., 315; *Clements* v. *Rogers*, 95 N. C., 248; *Morgan* v. *Lewis*, 95 N. C., 296; *Tayloe* v. *The Steamship Co.*, 88 N. C., 15; *State* v. *Hardie*, 83 N. C., 619; *State* v. *Nicholson*, 85 N. C., 548; cited and approved).

CIVIL ACTION, heard before *Shipp, Judge,* and a jury, at Fall Term, 1886, of CURRITUCK Superior Court.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

The facts appear in the opinion.

*Mr. W. J. Griffin,* for the plaintiff.
*Messrs. L. D. Starke* and *W. D. Pruden,* for the defendant.

SMITH, C. J.   In the construction of its road, the defendant company instituted proceedings against John B. Bell, and caused to be condemned a portion of his land in Currituck county, on which it constructed its track, of the width of thirty-three feet on each side thereof.   Over this condemned land, and across the railway, passes a road or way, which the plaintiff claims as incident to a tract of land which he purchased in 1880, from long and adversary use, as of right, by the successive proprietors who preceded him.

The action is to recover damages for its obstruction by the company in erecting bars across the way, to prevent the incursion of stock into lands in cultivation, and this the company insists it has a right to do, as the bars were upon the condemned land, and they were necessary for the protection of unenclosed crops exposed to depredations.

There was much evidence, from user for a long period, in support of the claimed easement, and it was in proof that

the bars were cut down by the plaintiff, several times replaced by the company, and as often cut down again by the plaintiff, before bringing his action. This, with the inconvenience and delay produced by the obstruction, was the damage alleged in the complaint. It was shown also that the said John B. Bell had put a gate across the lane seven or eight years before the trial, and kept it up for some time.

There was no objection to the charge of the Court as to the manner in which the right of way or easement could legally be acquired from user, and superimposed as a servitude upon land of another. The defendant counsel requested the Court to give two instructions to the jury, which will be separately stated and considered :

I. If the plaintiff knew that Bell put the obstructions across the way, as testified to, and permitted them to remain there seven or eight years, this was an abandonment of the claim to an easement, and the plaintiff has no cause of action.

The Court refused to give the instructions, and we think rightfully. The continuous use of the road for the prescribed period as of right, was evidence of the acquirement of the easement, and unopposed, conclusive evidence. Interruption of the use, unless when known, promptly resented and the user re-asserted, rebuts the presumption of the grant. Interruptions after the lapse of the time which raises the presumption, furnish evidence of an abandonment to be considered by the jury, but do not constitute in law an abandonment. As the presumption of a grant arises from adversary and continuous use after twenty years, so the same period of disuse occurring afterwards, presumes a surrender or extinction of the incumbrance upon the servient land.

II. If the plaintiff has a right to the easement, the defendant could lawfully erect the bars upon its own acquired land, without being answerable in damages therefor to him.

The Court, in answer to this request, charged that if "the bars were necessary, (for the purposes of the road, as we

understand the meaning to be, in its own operations,) the defendant would not be liable; if unnecessary it would be, and this was for the jury to decide."

This direction was quite as favorable as the appellant could ask in its behalf, and gives it no just cause of complaint.

III. The charge as to damages was as follows: "The jury had heard the evidence, and it was for them to say what damages, if any, the plaintiff had sustained. It was a question of fact to be determined upon the evidence."

Defendant's counsel excepted to the instruction, (the record does not show whether before or after the verdict,) for "that it failed to lay down a proper legal rule for the guidance of the jury in ascertaining the damage, and because it left the question to the uninstructed discretion of the jury."

We have had some hesitancy in disposing of this exception, for it is distinctly taken to the charge. But in it there is no intrinsic error, and literally interpreted, it confines the inquiry to actual, as distinguished from punitory or speculative damages. But if not sufficiently explicit and plain in designating the rule by which they are to be measured, it was the duty of the appellant to ask an instruction, put in a form to advise the Judge of what was demanded. With a suggestion of this kind before him, he might have complied with the request, and if he did not, the refusal would admit of its being assigned for error. This was at least due to the Judge, so that he might advisedly act in the premises. The rule of practice is too well settled to require any reasoning in its defence. We refer to some of the cases. *Brown* v. *Morris*, 4 D. & B., 429 ; *Ward* v. *Herrin*, 4 Jones, 23 ; *Moore* v. *Hill*, 85 N. C., 218 ; *Strickland* v. *Draughan*, 88 N. C., 315 ; *Clements* v. *Rogers*, 95 N. C., 248 ; *Morgan* v. *Lewis*, Ibid., 296. And this should be before verdict. *Tayloe* v. *Steamship Co.*, 88 N. C., 15. See also *State* v. *Hardie*, 83 N. C., 619 ; *State* v. *Nicholson*, 85 N. C., 548.

The judgment must be affirmed.

No error.                          Affirmed.