M. R. SUGG v. JOHN H.. WATSON.

*Evidence—Payment—Verdict—When Special Instructions Should be Asked—Trial.*

1. In the absence of any directions from the debtor to the contrary, a creditor may apply a payment to any one of several debts he holds against the payor.

2. The objection, that there is no evidence, or not sufficient evidence to warrant a verdict, should be made when the testimony is all in, and the Court should be requested to so instruct the jury; but if there is any evidence, and it is permitted to go to the jury without objection, the verdict will not be disturbed by the Supreme Court.

CIVIL ACTION, tried before *Shepherd, J.,* at November Term, 1887, of the Superior Court of Orange County.

On the 20th of November, 1886, the plaintiff instituted two actions against the defendant in a Court of a Justice of the Peace—one on a note for $250, dated September 25th, 1868, credited by $125, May 22d, 1869, the other on a bond for $180, dated February 25th, 1871.

There was a credit of $5 on each note, as hereinafter set out. The Justice of the Peace gave judgment in each action for the plaintiff and the defendant appealed.

In the Superior Court the two cases were consolidated. Defendant admitted the execution of the notes, relied upon the statute of limitations, and the only issue submitted to the jury was, "Are the notes sued upon barred by the statute of limitations."

The plaintiff testified: "I am a brother-in-law of defendant; I went to him and told him he must pay me some money on these notes. He ran his hand into his pocket and pulled out $10 and handed me. I said this is not enough; I want more than this; defendant said, 'That is all I have now.' He then walked into the house, and I followed him and said, 'John, we must have a settlement, this has been standing long enough.' He did not reply to me. I then entered a credit of $5 on each of the notes. A few days after this I sent my son to defendant to tell him I wanted to have the notes closed up. He sent me word it was out of the question, that he couldn't pay me; I then sued him. Defendant did not owe me any other debt; I had done work for him in my shop, but I always made him pay cash, as I had so much trouble in getting him to pay these notes."

On cross-examination plaintiff stated that this transaction took place in July, 1886; that he said to defendant: "John. I want you to pay me some money, I want some." He then paid me the $10, and I told him I wanted some more, and he said he didn't have it. Watson afterwards went into the house and I followed him and told him we must have a settlement. I had the notes with me and put the credits on them as soon as I got home, where I had pen and ink. I entered $5 on each note, to bring them in date. I kept a wagon shop and frequently did work for Watson, but he paid for it, and owed me nothing but those notes when he paid me the $10. This was shortly before I went to a sale at Lawrence's."

John H. Watson, defendant, testified: "Was sitting on my hotel porch with W. M. Sugg when plaintiff came and

said he was going to Lawrence's sale next day, and wanted me to let him have a little money to buy him some corn, that he didn't have it. I went into the house and got the $10 and gave him; not a word was said about note, debt, settlement, or anything of the kind. He asked me if that was all I could let him have, and I said yes. I did not authorize him to enter any credit on the notes; I had forgotten he had them; he did shop work for me, and I was in the habit of paying him from time to time; I thought I owed him for shop work at the time."

On cross-examination defendant testified he would pay plaintiff for shop work sometimes, and sometimes he did not have it. " I owed him nothing but a little shop account; I don't know how much. At the time I paid the $10 I had lost sight of the notes; I know I had not paid anything except the credits endorsed on them."

William Sugg, a witness for defendant, testified: " I was on the porch with defendant; plaintiff came up, and whether he said 'you must pay me some money,' or 'I must have some money,' I do not recollect; said he wanted to go to Mrs. Lawrence's sale to buy some feed; defendant then paid him $10. Plaintiff said, 'I want more,' or 'you must pay me more than that;' defendant said, 'If you don't want that give it back.' They then went into the house, and plaintiff, my father, said, 'John, we must have a settlement before long.' I heard nothing said about making a payment upon debts or notes; I do not remember my father sending me to defendant after this to have the notes closed up."

There were no exceptions to the testimony and no instructions were prayed. The jury responded " No " to the issue, and defendant's counsel moved for a new trial, because there was not sufficient testimony to go to the jury of any consent on the part of defendant that the amount paid to the plaintiff should be applied to the payment of the debts sued on,

or either of them, or that the defendant consented to the entries made on said notes. Motion denied and defendant appealed to Supreme Court.

*Mr. A. W. Graham,* for the plaintiff.
*Mr. Jno. W. Graham,* for the defendant.

Davis, J., (after stating the case). " The effect of any payment of principal or interest" on a debt otherwise barred by the statute of limitations, is to take it out of the operation of the statute, at least as to the debtor making the payment.

In *McDowell* v. *Tate,* 1 Dev., 249, it is said " a payment is, by consent of the parties, either express or implied, appropriated to the discharge of a debt."

If a debtor, who owes a creditor a single debt, makes a payment to the creditor, it is a discharge *pro tanto* of that debt, but if a debtor, who owes to a creditor several distinct and separate debts, makes a payment, he has a right to direct the application of the payment to such debt as he chooses, and it is the duty of the creditor to apply it as directed, but if this right is not exercised and the direction of the application made at or before the time of payment, the creditor may make the application to such of the debts as he pleases.

The controverted questions here are whether the defendant owed the plaintiff other debts, and whether the payment was made on the debts sued on.

Counsel for the defendant insists that there was not sufficient evidence to go to the jury, to warrant the verdict rendered. Whether there is any evidence, is a question for the Court; if any, the weight and sufficiency of it is a question for the jury. This is well settled. It is also settled that where there is a mere *scintilla* of evidence, the Court ought not to leave the case to the jury.

In the case before us there was some evidence to which there was no exception, and in regard to which no instructions were asked. If there is an exception to the sufficiency of the evidence to warrant the jury in finding an alleged fact, the objection should be made when the testimony is all in, and the Court should be asked to charge the jury that there is not sufficient evidence to warrant a verdict, and if there is any evidence, and no instructions are asked, and it is permitted to go to the jury without objection, this Court cannot disturb the verdict. *Lawrence* v. *Hester*, 93 N. C., 79.

The Judge below has the discretionary power to set aside a verdict, if against the weight of evidence, but this Court possesses no such discretionary power.

"An omission of the Judge to instruct the jury upon a point on which, if he had been so requested, it would have been his duty to advise and direct the jury, cannot for the first time be assigned as error in this Court." *State* v. *Nicholson*, 85 N. C., 548.

There is no error.

Affirmed.