BERRY GODWIN v. WILMINGTON AND WELDON RAILROAD COMPANY.

*Measure of Damages—Judge's Charge.*

In an action against a railway company for negligently killing a cow, where there was no testimony as to the value of the dead body, it was not error in the Court to instruct the jury that the plaintiff was entitled to recover, as damages. the value of the cow alive, less the sum he had received for its hide, notwithstanding he had been notified by the defendant to remove the carcass.

CIVIL ACTION, tried before *Graves, J.*, at Spring Term, 1889, of JOHNSTON Superior Court.

This action commenced before a Justice of the Peace, to recover damages for killing plaintiff's cow. The Justice gave judgment for plaintiff, and the defendant appealed to the Superior Court, where the following issues were submitted to a jury:                •

1. Was plaintiff's cow killed by the negligence of the defendant company? Answer: Yes.

2. What is the value of the cow? Answer: $48.50.

Thereupon the Court gave judgment for the amount, and interest and costs, and the defendant appealed.

On the trial the plaintiff offered evidence tending to show that he was the owner of the cow, and its value was $50, and that it was killed by the negligence of the defendant.

It appeared in evidence that the cow was about six years old, and in good order, with a calf six months old; that plaintiff had been paid $1.50 for the hide, and had been notified to remove the carcass from the defendant's right of way, and this was the only evidence in regard to the value of the carcass.

There were no written prayers for instruction. There was no exception to any part of the instruction given, except that part which related to the measure of damages. Upon that question the Court instructed the jury that, if it should be found that plaintiff was entitled to recover, the measure of damages was the value of the cow, less the $1.50 he had received for the hide. To this the defendant excepted.

No counsel for the plaintiff.
*Mr. A. W. Haywood*, for the defendant.

SMITH, C. J. The direction given to the jury in measuring the damages was, of course, based upon the evidence before the jury, and we do not well see how it could have been otherwise. There was no proof of the value of the dead ·

body of the animal, or that it was of any value beyond the price paid for the hide, or could have been put to any profitable use. The ruling is not at variance with that made in the case of *Roberts* v. *Railroad*, 88 N. C., 560. There, the proof from the owner of the dead cow was that her body was worth from $18 to $20, and the jury was instructed that this was a proper deduction from the value of the living cow, and the same principle, upon the proofs, is enunciated in the present case. Besides, there was no exception to the charge, except in this particular, and no specific instruction was asked, so far as the record discloses, on the point. *Willey* v. *Railroad*, 96 N. C., 408.

Affirmed.