THE STATE v. J. M. MONGER.

*Indictment — Retailing — Inconsistent Acts of Assembly—Corporate Towns—Jurisdiction.*

When two acts of the General Assembly are inconsistent and irreconcilable, the last enacted will prevail though there is no repealing clause. A., who had a license from the county authorities, was indicted for selling liquor in the corporate limits of the town of S. without a license from the town authorities. The Act of 1887 prescribed a penalty of twenty-five dollars for this offence. Chapter 164, Acts of 1889, ratified March 9, amendatory of the first, extended the limits of exclusion without such license to two miles from the said corporate limits, and increased the penalty to the extent of a Magistrate's jurisdiction. Chapter 262, Acts of 1887, ratified March 11, forbids the sale of liquor within two miles of a church in the corporate limits of S., and makes the punishment of the offence at the discretion of the Superior Court: *Held*, (1) the last act, of March 11, repeals the other, of March 9; (2) it is unlawful to sell in two miles of the said church; (3) the town authorities of S. have no power to grant license; (4) the Superior Court has exclusive jurisdiction of the offence, and the indictment before the Mayor of S. should have been dismissed.

This was an INDICTMENT for selling liquor without license, tried before Boykin, J., at the March Term, 1892, of MOORE Superior Court.

The facts are set out in the opinion.

*The Attorney General*, for the State.
*Messrs. Black & Adams* (by brief), for defendant.

MacRae, J.: The defendant was tried and convicted before the Mayor of Sanford for violation of a town ordinance. From the judgment rendered against him he appealed to the Superior Court of Moore County, where, at March Term, 1892, before Boykin, Judge, and a jury, he was adjudged guilty upon a special verdict and fined. He appealed to this Court.

The special verdict was as follows:

"That the defendant, on the first day of June, 1889, within the corporate limits of the town of Sanford, and within a quarter of a mile of the Methodist church in said town, did sell to J. W. Scott, Jr., spirituous liquors in a measure less than a quart, to-wit, by the pint, as charged in the warrant; that at said time the defendant had in his possession a license from the Sheriff of Moore County, issued pursuant to an order of the Board of County Commissioners, under the general law of the State, permitting him to sell liquors in a measure less than a quart at his store-house in Sanford, where said sale was made; that defendant had no license from the town of Sanford to retail liquors within the corporate limits; that the town of Sanford is incorporated under the general laws of the State; that the ordinance, which the defendant is charged with violating, was passed in the year 1887, and is as follows:

"'Section 1. If any person shall, within the corporate limits of the town of Sanford, sell spirituous, vinous or malt liquors in any quantity without first having obtained from the Board of Commissioners a license so to do, such person shall, upon conviction before the Mayor, pay a fine of twenty-five dollars.'

"If, upon the foregoing state of facts, the Court shall be of opinion that the defendant is guilty, then the jury find him guilty; otherwise, the jury find him not guilty."

The Court adjudged that the defendant was guilty, and he appealed.

By chapter 161 of the Private Acts of 1889, being "An act to amend an act to incorporate the town of Sanford in Moore County," is provided—

"Sec. 2. That it shall be unlawful for any person or persons to sell any spirituous, vinous, malt or intoxicating liquors within the corporate limits of said town, or within two miles of the same; and if any person shall violate this provisions of this act he shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined not exceeding fifty dollars or imprisoned not exceeding thirty days: *Provided*, the provisions of this section shall not apply to the corporate limits of the town of Jonesboro: *And provided further*, that it shall not apply to persons licensed under section three of this act.

"Sec. 3. That every person, company or firm wishing to sell spirituous, vinous, malt or intoxicating liquors in any quantity shall apply to the mayor and commissioners for a license, stating the place where it is proposed to conduct the business. The mayor and commissioners shall, upon satisfactory evidence of good moral character of the applicant, issue the license, to be signed by the mayor, upon the payment of a quarterly tax of sixty-two and $\frac{50}{100}$ dollars.

"Sec. 4. That the commissioners shall have power to make any ordinance respecting the sale of spirituous liquors, and to impose penalties for violation of the same. And if any person licensed to sell, shall be convicted in the Superior Court of violating any such ordinances, the commissioners shall have power to declare his license void, and he shall forfeit to the town all moneys paid for the same."

Ratified March 9, 1889.

By chapter 362 of the Public Laws of North Carolina, entitled "An act to prohibit the sale of spirituous liquors within certain localities," it is provided—

"Section 1. That it shall be unlawful for any person to sell, or otherwise dispose of with a view to remuneration, any spirituous liquors, wines or medicated bitters, or any other liquors or substance, by whatsoever name it may be called, which produces or may produce intoxication, within two miles of the following places : (Among others) Sandford M. E. Church in Moore County.

\* \* \* \* \* \* \* \* \*

"Sec. 7. That any person, etc., violating the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined or imprisoned, or both, in the discretion of the Court."

And this act was ratified March 11, 1889.

So we have two acts concerning the sale of liquor in San-ford, passed at the same session of the General Assembly; the one forbidding the sale of spirituous liquors within two miles of Sanford or within its corporate limits, without a license from the mayor, and excluding from its prohibition the corporate limits of the town of Jonesboro, which we must assume to be within two miles of Sanford ; the other, passed two days later, prohibiting the sale of liquor within two miles of Sanford M. E. Church.

If the first-named act was still in force at the time of the alleged commission of the offence charged, the mayor of Sanford had jurisdiction, for it was competent under its provisions for the mayor and commissioners of Sanford to have passed an ordinance respecting such sale, and to have imposed penalties for violation of the same. If, however, the former act was repealed by the latter, it was unlawful by the general laws of the State for any one to sell spirituous liquors within two miles of Sanford M. E. Church; the criminal offence was indictable in the Superior Court, and a town

ordinance making the same an offence against the town was void. *Town of Washington* v. *Hammond,* 76 N. C., 33, and cases there cited.

It may be added that there is no repealing clause in the latter act, and that "the law does not favor a repeal by implication." A later act is never construed to repeal a prior act unless there be a contrariety or repugnance in them; or at least some notice taken of the former act so as to indicate an intention in the lawgiver to repeal it. Potter's Dwarris, 156; *Jones* v. *Insurance Co.,* 88 N. C, 499.

Applying these tests, are the two acts so repugnant to each other that they cannot be construed?

Section 2 of the former act gives jurisdiction to a Justice of the Peace: "And on conviction thereof shall be fined not exceeding fifty dollars or imprisoned not exceeding thirty days." The proviso excludes the corporate limits of the town of Jonesboro, and that the mayor and commissioners shall grant licenses upon the applicant complying with the terms prescribed, and it will be observed, if we follow the letter, that the licenses need not be confined to the town of Sanford. In other words, the former statute, as far as Sanford and two miles around it is concerned, emasculates and repeals the latter. It is plain that in case of repugnance between the statutes, the last expression of the legislative will must prevail. *Bunting* v. *Stancill,* 79 N. C., 180.

There are other difficulties in the construction of the two statutes; there are three different punishments provided for the commission of the offence; the former act, in the first place, gave final jurisdiction to the Mayor or Justice of the Peace by section 2, "if any person shall violate, &c., he shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined not exceeding fifty dollars or imprisoned not exceeding thirty days." The commissioners shall have power to make ordinances, &c., and to impose penalties for violation of the same. And the commissioners have

made their ordinances and fixed the punishment at a fine of twenty-five dollars.

And by the latter act the punishment fixed after conviction gives jurisdiction to the Superior Court, for he shall be fined or imprisoned, or both, in the discretion of the Court.

We conclude, therefore, that the two acts are repugnant; that the latter prevails; that it is unlawful to sell spirituous liquors, &c., within two miles of Sanford M. E. Church; that the Commissioners of Sanford have no power to grant license; that the Superior Court has exclusive jurisdiction to try persons for violation of this law, and it follows that the Mayor had no final jurisdiction. There is error, and the warrant should have been dismissed.

Error.