## J. C. FAGG v. SOUTHERN BUILDING AND LOAN ASSOCIATION.

### *Contract—Pleading—Issues.*

1. A complaint alleged that upon a contract with a local agent of defendant loan association, to the effect that if plaintiff would subscribe for a certain number of shares of stock of the association and pay a certain amount of money the association would make a loan to plaintiff, the plaintiff complied with the requirements and the defendant association refused to make the loan. and plaintiff thereupon returned the stock and demanded a return of the money paid by him, and defendant refused: *Held*, upon a demurrer thereto, that the complaint sufficiently stated a cause of action, for, if the allegations be true, the plaintiff would be entitled to recover as damages for the breach of contract the money paid out by him to the association.

2. An allegation in a complaint that defendant association knew that the only inducement to the payment of money and subscribing for stock was the promised loan, and that defendant accepted the money with such knowledge, was a sufficient statement of a cause of action, although it was not alleged that the agent of the defendant who made the alleged promises had authority to make them.

3. A denial in an answer of *knowledge* on the part of defendant of an allegation of a complaint is incomplete unless it includes a denial of information sufficient to form a belief as to the truth of the allegation.

4. An exception by a defendant that, upon all the evidence submitted on a trial, the plaintiff is not entitled to recover. should be taken before the case is given to the jury. If taken for the first time after verdict, it will not be considered.

5. Where the burden upon each of three issues was upon the plaintiff, and the answer to the third depended upon the response to the others, it was not error to charge, in substance, that the burden of the two issues was on the plaintiff.

CIVIL ACTION, tried at August Term, 1893, of FORSYTH Superior Court, before *Winston, J.*

The plaintiff alleged—

1. That defendant is a corporation, duly organized and doing business in North Carolina.

2. That on or about the __ day of _____, 1891, the plaintiff being in need of money applied to the local agent of the defendant for a loan of five thousand dollars; that the said agent promised and agreed with the plaintiff verbally, and by printed representations furnished to the plaintiff by the company, that if the plaintiff would subscribe for fifty shares of stock in the defendant corporation and pay in advance the sum of $260 and certain counsel fees amounting to $20, making in all $280, and would furnish real estate security, as required by the corporation, the company would loan to the plaintiff said $5,000.

3. That plaintiff had no money to invest in stock in the company, but relying on said representations and promise, paid the aforesaid sum, aggregating $280, and applied for the loan of the money, complying with all conditions of the corporation, and offering real estate security, but the defendant corporation, in violation of its contract, refused to make such loan to plaintiff, although the defendant knew that the loan of money was the only inducement to the payment of the money by plaintiff, and the taking of the stock.

4. That after the refusal of the defendant to furnish the money as promised, plaintiff returned the stock to the company and demanded the return of his money, which was refused.

Plaintiff demanded judgment for $280, with interest until paid, etc.

The defendant, answering the complaint, said:

That the second paragraph of the complaint is not true.

That the third paragraph is not true.

The defendant has no knowledge of the fourth, and demands proof.

·As a second defence the defendants say that they have never promised to loan money to the plaintiff through their literature or printed representations, except what appears in such printed matter, and that the local agent has no authority to make contracts for this company other than appears in the prospectus containing contract and by-laws of'the company. That the company has loaned thousands of dollars in the city, but always upon approved security and applications satisfactory to the board of directors of the company. Defendants demand judgment that the complaint be dismissed, and they recover their costs, etc.

The following issues were submitted and responded to by the jury:

1. Did the plaintiff enter into a contract with the defendant company for the sole purpose of borrowing money? "Yes."

2. Did the plaintiff become a member of the defendant association? "No."

3. What sum, if any, did the plaintiff pay the defendant under and by virtue of such contract? "$265."

4. Is the defendant indebted to the plaintiff, and if so, in what sum? "Yes, the sum of $265, with six per cent. interest from date of payment."

From verdict and judgment in favor of plaintiff, defendant appealed.

*Messrs. Watson & Buxton,* for plaintiff.
*Mr. J. S. Grogan,* for defendant (appellant).

MACRAE, J.: The first exception is in the nature of a demurrer *ore tenus,* on the ground that the complaint does not state facts sufficient to constitute a cause of action, and this objection may be taken for the first time in this Court. *Jackson* v. *Jackson,* 105 N. C., 433.

In examining this question, we can only look at the complaint itself, from which it appears that the plaintiff seeks to recover back money alleged to have been paid by him to the defendant upon an alleged contract made by plaintiff with the local agent of the defendant to the effect that upon the subscribing by plaintiff for fifty shares of stock in defendant corporation, and the payment by plaintiff of the sum named and the furnishing of real estate security, as required by the said corporation, the defendant would loan the plaintiff the sum of $5,000. The complaint further alleges that plaintiff fully complied with his part of said contract, and that defendant failed and refused to loan the said sum of $5,000 to plaintiff, and thereupon the plaintiff returned the stock to defendant and demanded the repayment to him of the money so paid to him, and defendant refused to repay the same.

Upon the foregoing facts, taken as true—for they are admitted for the purposes of this exception—it will appear that the plaintiff has stated a cause of action; for it is clear that, upon this statement, if admitted, he would be entitled to recover the money paid by him as damages for the breach of contract by defendant.

It is not alleged, however, in the complaint, that the local agent had authority to make the contract for defendant. If it be contended that there is nothing to show that said agent had such authority, and therefore the defendant is not bound, still there is a cause of action stated, for the plaintiff would be entitled to relief, because it is alleged in the complaint "that the defendant knew that the loan of money was the only inducement to the payment of money by plaintiff and the taking of stock," the only meaning of which allegation is that the defendant knew of the inducement offered by its agent and accepted the plaintiff's money with such knowledge. A bare statement of the proposition shows that the defendant would not be permitted, at law or in equity, to retain the money so paid by the plaintiff and refuse to loan

him the $5,000 upon sufficient security. *Follette* v. *Insurance Co.*, 110 N. C., 377; *Benson* v. *Insurance Co.*, 111 N. C., 47. The case does not make out a voluntary payment with a knowledge of all the facts, which could not be recovered back; but a payment in subscription to stock upon a condition known to defendant when it accepted the payment. *Adams* v. *Reeves*, 68 N. C., 134. We are not encumbered upon this point with any questions which might arise if it appeared that this payment was made with notice to the plaintiff of any conditions of subscription which may appear in the prospectus or other notice of defendant, for we are now considering the case simply upon the complaint, and in this view we think it states a cause of action.

The second exception is that, upon all the evidence, the plaintiff was not entitled to a verdict. The answer denies the allegations of the second and third articles of the complaint. We do not think that the fourth article, alleging the return of the stock and demand for the return of the money, has been sufficiently denied by the answer, for it is simply a denial of knowledge, and not of information, sufficient to form a belief. *Durden* v. *Simmons*, 84 N. C., 555; *The Code*, § 243. For a second defence the defendants, in their answer, deny that they have ever promised to loan money to plaintiff "through their literature or printed representations, except what appears in their printed matter," and they further deny the authority of their local agent to make contracts for this company other than appears in the prospectus, etc. The effect of this second defence is simply to deny the authority of their local agent to make the contract set out in the complaint.

Upon these pleadings, which are copied in full, issues were made up by the Court and submitted to the jury. To these issues there was no objection on the part of defendant. There were no other issues tendered. We must presume, then, that defendant was satisfied with them and desired no others. Clark's Code, § 395, p. 357.

There were no objections to testimony, except the one objection stated in the third exception, to be considered hereafter, and no prayers for instructions.

The second exception, taken for the first time after verdict, cannot now be considered. The point ought to have been made in the Court below before the case was submitted to the jury. *Tayloe* v. *Steamship Co.*, 88 N. C., 15.

The third exception was to the exclusion of the question asked the plaintiff as to the value of his real estate. It was urged by defendant's counsel that this question and its answer were relevant, because the plaintiff alleged in his complaint that he had offered defendant ample security for the loan, and that this was denied in the answer. It will appear that no issue upon this allegation and denial was tendered by defendant, and upon the issues submitted without objection this testimony was not relevant.

We find another exception in the case, though not in the assignment of errors. His Honor, among other things, charged the jury "that if from the evidence they found that the plaintiff entered into a contract with defendant simply to borrow money, and did not become a member of the company, they would so find, otherwise, they would so find, the burden being on the plaintiff." "To this the defendant excepts." The meaning of this part of the instruction was that upon the first and second issues the burden was on the plaintiff, and we see no valid ground of objection to this charge, for the burden was on the plaintiff, not only upon those, but upon all of the issues. There is no error of which the defendant can complain.

Affirmed.