THE GOLDSBORO LUMBER CO. v. HINES BROS LUMBER CO.

(November 7, 1900.)

1. *Injunction—Dissolution—Right-of-Way.*

> The grantee of an unlocated right-of-way for a tramroad across the land of the grantor can not enjoin the location of a subsequent right-of-way, specifically described and bounded, over the same land.

2. *Injunction—Insolvency of Defendant—Damages.*

> An injunction will not lie when the defendant is not shown to be insolvent or that the damages will be irreparable.

TEMPORARY RESTRAINING ORDER issued by Judge *George H. Brown, Jr.,* at Chambers, in Trenton, JONES County, on March 30, 1900, against the defendant, and returnable at Chambers, at Jacksonville, April 12, 1900, and continued for hearing until May 10, 1900, at which time, at chambers, Judge *George H. Brown, Jr.,* dissolved the restraining order issued on March 30, against the defendant, and refused the injunction. From this judgment the plaintiff appealed.

*Simmons, Pou & Ward,* for plaintiff.
No counsel *contra.*

CLARK, J.   One Phillips sold to the plaintiff all the timber on his land above a certain size, and further "granted an exclusive right-of-way to build, equip," etc., upon and across said lands, "such tramroads and railroads as shall be necessary for moving said trees and lumber from said lands, and from the lands of any and all other persons, or for operating

a regular railroad for freight and passenger traffic; said right-of-way to be sixty feet wide. and in fee simple." Subsequently said Phillips conveyed to the defendant a right-of-way 100 feet wide across his land, describing it specifically by boundaries, for the purpose of constructing a tramroad or railroad. Before the plaintiff had "located" its right-of-way or begun to construct its road, the defendant had staked out and ditched the right-of-way as located in its grant of the same. This is an action by the plaintiff to restrain the construction of the defendant's tramway or railroad across said land, alleging irreparable damage. His Honor properly refused to grant an injunction to the hearing.

1. The plaintiff had an unlocated "floating" right-of-way, which this Court has already held, in an action between these same parties, though as to another tract of land (*Lumber Co. v. Hines,* 126 N. C., 257), conferred no right upon the plaintiff to any particular 60 feet until "located." While the plaintiff's rights were in that nebulous state, the defendant, with a grant describing the location of his right-of-way, proceeded to occupy and ditch it out. It is open to the plaintiff to locate his right-of-way anywhere else on the land, and, if (which does not appear) the location of defendant's right-of-way throws the plaintiff's line into a worse place, his remedy, if any, is against Phillips for damages. We say, "if any," for it is not necessary for us in this case to decide whether or not a grant of an exclusive right-of-way for a railroad to transport "freight and passengers" is valid to the extent that damages can be obtained because of the grant of a right-of-way to another railroad when the space is sufficient to locate both without interference.

2. When a railroad has acquired a right-of-way, either by purchase or use of the power of eminent domain conferred by its charter, another railroad can condemn a right-of-way

across the tracks of the former, or even a portion of the right-of-way acquired by the former which is not necessary for its purposes, and no injunction lies to prevent it. *North Carolina R. & D. R. Co. v. Carolina Cent. Ry. Co.*, 83 N. C., 489, and cases there cited; *Richmond and D. R. Co. v. Durham and N. Ry. Co.*, 104 N. C., 665. If one railroad can not enjoin another from crossing its track, certainly a lumber road has no stronger equity to stop the construction of another lumber road.

3. It is not shown that the defendant is insolvent or that the damages will be irreparable. Indeed, the only damages apparent are the cutting of such trees on the land, above the prescribed size, which, having been granted to the plaintiff, the defendant may cut down in constructing its road; if, indeed, it will be any damage to cut down the trees which the plaintiff is there to fell, and of which it will still remain owner. Whether or not the plaintiff, who located its right-of-way subsequent to the defendant, can recover damages for any bridges or crossings it may be necessitated to make, is a question not arising on this appeal, which is only from the refusal of an injunction. Because the plaintiff has bought the timber of a certain size on the Phillips tract, it can not prevent the defendant building a tramroad or railroad across that tract to get to a destination beyond it. Could the plaintiff do this, even if it had bought Phillips' land in fee simple? If it could, then the owner of the front or riparian edge of forest or swamp land can render the interior inaccessible, and force its owner to sell at dictation. It is certain, however, that plaintiff's right-of-way, which is only 60 feet when located, is not broad enough to justify the Court's enjoining the defendant from building its track across the land, under Phillips's grant to it of a right-of-way. We do not now see how Phillips's granting the right-of-way to defendant has

caused any legal damages to the plaintiff, but we do not pass upon that point, which can only arise in an action by the plaintiff against Phillips for a breach of the covenant for an exclusive right-of-way, as intimated in the former appeal. 126 N. C., 254.

No error.