T. C. MAY v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 1 December, 1909.)

**Railroads—Rights of Way—"Floating"—Rights Barred—Questions of Law—Limitation of Actions.**

> The grant to a railroad company of an undefined or "floating" right-of-way over the owner's lands is of an executory nature, and where no consideration has been paid by the company, the right may be lost by lapse of ten years upon failure of entry and of location by the company; and in this case there was a delay of twenty-one years barring the right as a matter of law. Even if there had been a deed, with metes and bounds, the adverse possession of twenty years would bar the company under the statute of limitations. Revisal, 384. *Railroad Co. v. Olive*, 142 N. C., 271, cited and distinguished.

WALKER, J., dissenting.

APPEAL by defendant from restraining order, granted by *W. R. Allen, J.,* out of term (NASH County), on 9 February, 1909, by consent.

The facts are stated in the opinion of the Court.

*Jacob Battle* for plaintiff.
*F. S. Spruill* for defendant.

CLARK, C. J. Upon the facts agreed, it appears that on 14 December, 1886, the plaintiff granted the Wilmington and Weldon Railroad Company, now the Atlantic Coast Line Railroad Company, the defendant, a right of entry and right of way 130 feet wide, through his farm, "for the use, operation and business of a branch road then in contemplation" by said railroad company, with a provision, "The said company to take no benefit from and incur no obligation by the execution of this deed, unless the branch road shall be located over the land of the party of the first part."

This was not an unlimited grant by the plaintiff, to be left open for all time, without any compensating advantage from the party of the second part. The true and just construction of this agreement is that the railroad company did not obligate itself by accepting this paper to locate their track over the plaintiff's land, and the plaintiff stipulated that the grant of the easement and right were to be void "unless the branch road shall be located over the land," meaning "within a reasonable time," of course. It could not be contemplated that the branch road should be located at once, nor, on the other hand, that the location of the road should be indefinitely delayed.

As a matter of fact, it is agreed that the branch road has not yet been located over the plaintiff's land, and the defendant made

no offer to enter upon the land for that purpose, nor did any act under said agreement of 14 December, 1886, till 11 December, 1907, nearly twenty-one years, during all which time the plaintiff has been in continuous, uninterrupted possession of the land and cultivating the same.

The agreement of 14 December, 1886, conveyed no land by metes and bounds, but merely gave the railroad company the right to enter and lay out a right of way, with a stipulation that the defendant was not to be compelled to locate their road there, and that the easement was void if the road was not located.

The defendant having taken no action in nearly twenty-one years, his Honor properly held that the defendant could not now enter by virtue of the agreement. This was merely an executory contract, without any lines or boundaries which the railroad company might have executed and made definite by locating their track (*Hemphill v. Annis*, 119 N. C., 518), but, having delayed to do so for more than ten years, the right to do so is lost, even if there had been no express stipulation of forfeiture by failure to locate. *Beattie v. Railroad*, 108 N. C., 437; *Willey v. Railroad*, 96 N. C., 408.

Even if this had been a deed for a valuable consideration and for fixed and definite boundaries, the defendant would be barred by the adverse and exclusive possession for more than twenty years. Revisal, sec. 384. This is not a case where the railroad company has taken possession of its right of way and operated its road. In such case the company is not barred of the right to take any part of its right of way which it has not till then seen fit to call for, by reason of any length of occupation, however. *Railroad v. Olive*, 142 N. C., 271. But here the defendant, having delayed over twenty years to enter and locate under its executory contract, has never acquired a fixed, definite right of way. It can still do so by purchase or by condemnation, but not under this contract.

As the defendant would acquire a right by entry and two years' user if the landowner took no action within that time, it cannot complain that it has lost the right to enter—for which it paid nothing—by twenty-one years' delay to render any benefit to the landowner by locating its track and building and operating its road.

The delay here is so great that the court properly held it unreasonable as a matter of law. *Claus v. Lee*, 140 N. C., 555.

The unlocated "floating" right of way was purely executory and was lost by the lapse of so great a length of time, without

effort to locate it. *Lumber Co. v. Hines,* 127 N. C., 131; *Willey v. Railroad,* 96 N. C., 408.

The injunction granted is

Affirmed.