HOKE, J., dissenting.
This is a proceeding by the plaintiff to condemn a right of way across the track of the defendant in order to extend its track to the Lumberton Cotton Mills and the Kingsdale Lumber Company plants on the south side of the defendant's track and to make connection with the Raleigh and Charleston Railroad Company's track.
The plaintiff has a spur track at Lumberton extending over some 600 yards to the Dresden Cotton Mills on the north side of defendant's track, and it wishes to extend it further to the two plants above named on the south side of defendant's track, and to make connection on that side with another railroad, as above stated. The petition was granted before the clerk, and on appeal before Cooke, J., an injunction was *Page 433 
[EDITORS' NOTE: THE MAP IS ELECTRONICALLY NON-TRANSFERRABLE.], SEE 161 N.C. 433.] *Page 434 
refused, and the commissioners proceeded to make the condemnation, who assessed defendant's damages at $600. On the hearing before Peebles, J., on exceptions filed, the jury assessed the damages (534) which the defendant was entitled to recover from the plaintiff at $300, but the judge reversed the order of the clerk and rendered judgment against the plaintiff.
The defendant has itself a spur track to both these plants and the Raleigh and Charleston Railroad has also a spur track to the Kingsdale Lumber Company plant. There is no reason why the plaintiff is not entitled to the same privileges, unless under the general law, or under its charter, it does not have the same power in this respect which has been granted to the other two railroads. Indeed, the defendant's brief frankly says that notwithstanding the voluminous record, "only one question is really presented," and that is whether the plaintiff has a right to build a spur track across the defendant's line "to reach a cotton mill and lumber company, to the end that it may secure the freights therefrom." The real contest is thus frankly presented, which is whether the plaintiff can interfere with the monopoly of the business from those plants.
The defendant strongly urges that the plaintiff did not need this privilege, because the defendant would do the shifting of plaintiff's cars over its own tracks to those points at so reasonable a rate that the plaintiff did not need to build its own track for that purpose. The plaintiff replied that the defendant had been charging most exorbitantly for such service, and in view of this litigation it had reduced its rates, but that it was delaying the plaintiff's cars, on one excuse or another, so as to practically deprive it of the privilege, and that if it was denied the right to build its tracks that the defendant would then again raise its charges as to all interstate cars, which was the bulk of the business, and that no relief could be had. The defendant, of course, denied any intention to do this. We cannot consider such arguments. The only proposition before us is as to whether the plaintiff has a right to build to those points, and if so, whether it is a wise expenditure for it to build such tracks is a matter for the consideration of the plaintiff alone, and not for the courts. As a matter of public policy, the State encourages competition among common carriers so that the public may have the resulting benefits: Industrial Siding Case, 140 N.C. 239; R. R.(535) Connection Case, 137 N.C. 71, which hold that a "railroad is created to subserve primarily the public good and convenience." But we put our decision herein upon the wording of the statutes in determining whether the power claimed by the plaintiff is conferred.
There is no question as to the right of way, except across the defendant's track, for the plaintiff has acquired the right of way entire except *Page 435 
at that point. Neither is there any question as to the consent of the city authorities of East Lumberton, for their ordinance granting the right of way through said town, which lies on both sides of defendant's track, was tendered, but was refused by the judge upon the ground that the sole question was whether the plaintiff had the power, under the statute, to extend its track to the two plants in question, for if it had, the power to condemn across the defendant's track was a necessary incident.
Private Laws 1903, chap. 233, sec. 2, as amended by Private Laws 1907, chap. 269, confers upon the plaintiff the right to "construct, maintain, or operate a railroad with one or more tracks from the town of Lumberton to some point on the main line of the Atlantic Coast Line," and "also from any point on its main or branch lines to any point within the State of North Carolina." It is also therein given the power "to connect its tracks with any other railroad and to lay down and use tracks through any town or city along its proposed lines with the consent of the corporate authorities thereof."
The plaintiff also has the power under section 10, chapter 233, Private Laws 1903, "to cross at grade, or over or under, any other railroad constructed or that may hereafter be constructed at any point on its road, and to intersect, join, or unite its line of railroad with any other railroad upon the grounds of such other companies, at any point on its route, and to build turnouts, sidings, switches, side-tracks or any otherconveniences in furtherance of its objects of construction, and may in making intersection or connection with any other railroad have all the rights and privileges conferred upon railroads by the laws of this State."
Section 11, chapter 233, Laws 1903, as amended by Private Laws 1907, chap. 269, further provides: "Whenever, for any (536) cause, this company is unable to agree with the owners of the lands, or any railroad owning any right of way, or any town or city owning any street or public way over or near which it purposes to extend its road for the purchase of such lands for its depots, roadbeds, quarries, or otherpurposes of the company, the said company may file a petition before the clerk of the Superior Court," etc.
The general act, Revisal, 2556 (5) and (6), confers on every railroad the power "to construct its road along or upon any stream of water, street, highway, turnpike, railroad, or canal which the route of its road shallintersect or touch."
"To cross, intersect, join, and unite its railroad with any other railroad before constructed at any point on its route and upon the grounds of such other company, with the necessary turnouts, sidings, and switchesand other conveniences in furtherance of the object of its construction. And every company whose railroad is or shall be hereafter intersected *Page 436 
by any new railroad shall unite with the owners of such new railroad in forming such intersections and connections and grant the facilities aforesaid; and if the two corporations cannot agree upon the amount of compensation to be made therefor, or the points and manner of such crossings and connections, the same shall be ascertained and determined by commissioners to be appointed by the court as provided in this section in respect to acquiring title to real estate."
It seems clear, therefore, that the plaintiff had a right to extend its line southward to any distance or to any point it saw fit, and in so doing to cross the track of the defendant. It also has the right, both under the general law and under its charter, to extend its track to the plant of the Lumberton Cotton Mills and to the Kingsdale Lumber Company plant, and to make connection near by with the Raleigh and Charleston Railroad Company. It has already acquired the rights of way for that purpose and has the permission of the corporate authorities of East Lumberton for that purpose. The right to cross the track of the intervening line of the defendant is also expressly conferred by the (537) statute, and is a well-settled proposition of law. R. R. v. R. R., 83 N.C. 489; R. R. v. R. R., 104 N.C. 665; Lumber Co. v.Hines, 127 N.C. 132.
As the defendant itself has built tracks for all three of these purposes, it is clear that the plaintiff has exactly the same rights and power under the general law, and being, besides, expressly conferred under the provisions of its charter above set out. Butler v. Tobacco Co.,152 N.C. 416, relied upon by the defendant, is no wise in point. In that case the railroad company had its track in the middle of the street. It sought to lay down another and parallel track in the same street "off its right of way," using for part of the way even the sidewalk. This Court held that the property-owners could not be deprived of the use of the street by an unauthorized license by the town authorities to the railroad to build this side-track "off its right of way," in order to facilitate the railroad taking freight from an industrial plant. In this case there is no attempt to appropriate a public street for the use of a common carrier and for the benefit of an industrial plant to the inconvenience of the public.
The defendant urges that it will be a great inconvenience to it for the plaintiff to condemn a right of way across its track at a point where it has a siding, and thus interfere with the use of that siding for shifting and for placing box cars. The plaintiff replies that the defendant has only recently extended its side-track to that point and for the purpose of creating this grievance. However that may be, an examination of the map shows that less than 100 yards east of the point where the plaintiff seeks to cross the defendant's track the defendant's side-track *Page 437 
ends and as public road crosses the defendant's track at that point. There is no reason, so far as this evidence shows, why the plaintiff cannot extend its tracks on the north side of the defendant's track before crossing, and condemn a right of way just beyond the end of defendant's side-track near the point where the public road now crosses. While the plaintiff has a right, both under its charter and the general law, to condemn a right of way across the defendant's track, this right should be exercised with due regard to the convenience of both parties and with as little interference with the defendant's use of its tracks as can be obtained without a great increase in the cost and (538) inconvenience to the plaintiff. We do not see that a requirement that the plaintiff should cross at the point herein suggested will add at all to the length of the plaintiff's proposed extension of its track nor to the cost thereof. If it should, this matter can be considered by the judge and jury in the assessment of damages for crossing at said point. His Honor, in consideration of the case, when it goes back, will adjudge as to the feasibility of the suggested alteration in the route of the proposed extension of plaintiff's tracks, calling in the aid of a jury, if necessary.
We need not consider the numerous other exceptions made in this case, for, as his Honor held and the briefs for both parties admit, there is but a single point upon which all other matters depend, and that is the one which we have discussed, as to the right conferred by statute upon the plaintiff to extend its tracks for the purposes above named.
The ruling of the court below must be set aside, and the cause will be proceeded in as indicated in this opinion.
Reversed.
HOKE, J., dissents.