DREWRY MORGAN v. W. E. SMITH.

*Master and Servant—Seduction from Service—Action for Damages—Evidence.*

1. To furnish persons with the means of leaving the premises of another is not a seduction, nothing further appearing.
2. The employment by A of the servant of B, A being ignorant that the servant is in the employment of B, is not an unlawful seduction.
3. To enable the plaintiff to recover in an action for damages for enticing a servant from his employment, he must show that the defendant acted maliciously, not in the sense of actual ill-will to the plaintiff, but in the sense of an act done to the apparent damage of another without legal excuse.
4. On the trial of an action, if either party desires fuller or more specific instructions than the Court has given, it is his duty to ask for them.

*Haskins* v. *Royster*, 70 N. C. 601, cited and approved.)

CIVIL ACTION for Damages tried at Spring Term, 1877, of STANLEY Superior Court, before *McKoy, J.*

It was alleged that James, John and Henry Baker, (minors) were in the employment of the plaintiff by virtue of a contract with their mother, and that the defendant had seduced them from the service of the plaintiff. Issues were submitted upon the evidence, and the jury found ;

1. That the plaintiff did contract for the service of said minors.

2. They were not seduced from the service of the plaintiff while the plaintiff was entitled to their services.

3. The plaintiff is not entitled to damages.

The instructions asked for by the plaintiff and refused by His Honor are stated by Mr. Justice RODMAN in delivering the opinion of this Court. Verdict and judgment for defendant. Appeal by plaintiff.

*Messrs. Battle & Mordecai,* for plaintiff.
*Messrs. J. W. Hinsdale* and *S. J. Pemberton,* for defendant.

RODMAN, J. The plaintiff requested His Honor to charge the jury; "1. If they were satisfied from the proof that the defendant assisted Jane Baker and her sons to leave the premises of plaintiff, by furnishing them with his wagon and horses and going with it, it was a seduction of the two boys, James and Henry, from his service."

2. "That the employment of John Baker while in the service of plaintiff in virtue of the contract with his mother, was equivalent to the seduction of said John from his service."

The first instruction prayed for was evidently incorrect. To furnish persons with the means of leaving the premises of another, is not, *without more,* a seduction from service. For aught that appears, they may have been tenants whose terms had expired. or whose removal was otherwise lawful. Neither will the employment by one person of the servant of another, be an unlawful seduction, unless the second employer knows that the servant is in the service of the first.

For the last reason the second instruction prayed for was also incorrect. Both were rightly refused.

To enable a plaintiff to recover in an action like the present, he must show that the defendant acted maliciously, not in the sense of actual ill will to the plaintiff, but in the sense of an act done to the apparent damage of another without legal excuse. There can be no malice and no apparent damage unless defendant knows of the existence of the relation of service. *Haskins* v. *Royster,* 70 N. C. 601

The charge which the Judge gave to the jury is admitted to be unexceptionable so far as it goes. The plaintiff however in this Court excepts to it, in that, it did not go far enough, and that the Judge omitted to tell the jury that the fact that defendant took the boys from the plaintiff's planta-

MORGAN *v.* SMITH.

tion was some evidence that he knew that they were in the service of the plaintiff. It was not in evidence that the boys were at work *for plaintiff* when defendant aided them to remove, or that they ever had been, but merely that they were at work on plaintiff's plantation. Whether upon this the Judge could properly have instructed the jury as it is now said that he ought to have done, we will not inquire. At the utmost he could only have said that there was some evidence of the *scienter*, and that, he substantially did, by leaving that question to the jury. In addition to this, it was the duty of the plaintiff if he desired fuller or more specific instructions to have asked for them. It has been repeatedly held that it is not error in a Judge to omit to charge upon a point on which he is not requested to charge. If a contrary rule should prevail, and a party could get a new trial whenever upon a critical subsequent examination of a Judge's charge he could detect some point omitted or not fully treated, charges must be unnecessarily long, and even then few verdicts would stand.

There is no error.

PER CURIAM.                           Judgment affirmed.