G. H. BROWN, Ex'r, v. B. C. CALLOWAY and others.

## *Judge's Charge.*

The failure of a judge to charge the jury specially upon a particular point, where there are more than one presented by the evidence, cannot be assigned for error in this court. The party complaining should have submitted a prayer for special instructions upon the trial.

(*Simpson* v. *Blount,* 3 Dev., 34; *Arey* v. *Stephenson,* 12 Ired., 34; *Hice* v. *Woodard, Ib.,* 293; *Morgan* v. *Smith,* 77 N. C., 37, cited and approved).

CIVIL ACTION tried at Fall Term, 1883, of WILKES Superior Court, before *Shipp, J.*

This action was commenced before a justice of the peace and brought by appeal to the superior court, to recover a balance alleged to be due on a note. The execution of the note was admitted and the defendant relied upon the plea of payment. The case is stated in the opinion. Judgment for plaintiff; appeal by defendant.

*Messrs. Armfield & Armfield* and *D. M. Furches,* for plaintiff.
*Mr. R. Z. Linney,* for defendant.

MERRIMON, J. The record does not disclose any particular exception taken by the appellant in the court below, and we are unable to discover any error therein that entitles him to a new trial.

His counsel insisted on the argument that the court, in its charge to the jury, made the case turn altogether upon the question of the genuineness of the receipt from the testator of the plaintiff to the defendant, put in evidence by the latter, whereas he insisted that there was evidence of the payment of the debt, apart from the receipt in question.

The defendant pleaded payment of the debt specified in the complaint, and the receipt put in evidence is very broad in its

terms, and if genuine, in view of the evidence introduced, went very strongly to prove the payment of the debt. The plaintiff contended that the date of the receipt had been changed from the date of 1844 to 1866, and it appears that the question of the genuineness of this receipt was the main one raised on the trial, and the whole contest turned very largely, if not exclusively, on that. Nearly the whole of the testimony bore upon that question.

It is true, two witnesses testified that the testator of the plaintiff said in 1866 to them, that the defendant "had about paid him up," and another witness said that she saw the defendant pay plaintiff's testator some money in "June, after the war," and some paper was written, and the testator said he would "fix the papers right" when he got home. The main purpose of this evidence was, as is apparent, to aid in proving the genuineness of the receipt, to show that there was probably a reason why it should have been given in 1866, as it purported to be. This, as evidence of a full payment of the balance due, was by itself slight, certainly not very convincing.

If the defendant intended to rely upon this evidence of payment, apart from the receipt, he should have so insisted, and if need be he ought to have prayed the court to instruct the jury specially that there was some evidence of payment apart from the receipt. This it seems he did not do.

If the court fails to charge the jury specially upon a point, when there are more than one presented by the evidence, this is not error, unless it was requested to give the charge; and when, upon a trial, a principal question was in issue, and the result turned mainly upon it, and there were other possible views submitted to the jury, and the court failed to call them specially to the jury's attention, this cannot be assigned for error, unless the party complaining prays the court so to do. *Simpson* v. *Blount*, 3 Dev., 34; *Arey* v. *Stephenson*, 12 Ired., 34; *Hice* v. *Woodard*, *Ib.*, 293; *Morgan* v. *Smith*, 77 N. C., 37.

But in this case the court, after charging the jury with considerable particularity as to the main question (the genuineness of

the receipt), went further, and charged them "that in forming their conclusions as to the question of payment, they should take into consideration all the facts and circumstances, the endorsed payments and the other evidence in the case."

There was no prayer for special instructions,. and the exception taken was to the charge of the court generally. The only error assigned in this court was that mentioned above. The charge was intelligent and fair, and free from any substantial error, and the judgment must be affirmed.

No error.                                        Affirmed.