WM. T. MORGAN et al. v. A. LEWIS et al.

## Judge's Charge.

1. When the evidence on a question at issue is conflicting, the losing party cannot complain when the trial judge leaves the question to the jury, with an impartial charge as to the law.

2. The trial judge is not required, in the absence of a prayer for special instructions, to present the evidence in his charge in every possible aspect. If the parties desire more specific instructions, they must ask for them at the proper time.

CIVIL ACTION, tried before *MacRae, Judge,* and a jury, at August Term, 1886, of STOKES Superior Court.

There was a judgment on the verdict for the plaintiffs, and the defendants appealed.

The facts are fully set out in the opinion.

*Mr. John T. Morehead,* filed a brief for the plantiffs.

*Messrs. W. N. Mebane, W. B. Glenn* and *C. B. Watson,* for the defendants.

MERRIMON, J. It is stated in the case stated on appeal, that the only point contested on the trial, was as to whether the note, (the single bond sued upon), was executed by L. D. Lewis, as contended by the plaintiffs, or whether the same was a forgery, as alleged by the defendants. This being so, we are unable to discover any error in the instruction of the Court to the jury, complained of by the appellant. It was admitted that Lewis did not himself sign the bond, but the plaintiffs both testified that he could not write, and that he was present, and by his direction the plaintiff W. T. Morgan signed the bond for him. This the defendant flatly denied, and there was conflicting evidence. The Court told the jury, that the single question was, whether the defendant L. D. Lewis stood by and directed the plaintiff W. T. Morgan to sign his name to the bond for him; that if he did, then the bond was his, and they should find the first issue in the affirmative, otherwise in the negative. The plaintiffs could not complain of this. In view of the evidence, it was a proper presentation of the question to the jury.

The Court properly told them, that if they should find the first issue in the negative, then they should also find the second

one in the negative, because there was no evidence that the defendants, or either of them, owed the plaintiffs, on any account other than the alleged bond. The issue was simple, and the facts were few and plain. The Court gave the jury the brief instruction complained of, not unfavorable to the plaintiffs, that enabled them to see clearly the issue submitted to them, and the evidence bearing upon it. This was sufficient. If the plaintiffs desired that the instructions should be fuller—more explanatory —or that some possible view of the facts, not obvious, should be presented to them, then they should have asked the Court so to do. As they did not, that it was not done, was not error. The Court is not required to present possible aspects of the facts in their bearing on an issue, certainly not when they are not requested to do so.

There is no error, and the judgment must be affirmed.

No error.                                            Affirmed.