R. A. KING et als. v. MARY E. BLACKWELL.

*Public Roads—Issues—Judge's Charge—Verdict.*

1. The County Commissioners are vested by the statute with the power to lay out or discontinue public roads, and from their action an appeal lies to the Superior Courts in term, where the issues of fact are to be tried by a jury, and from that Court an appeal lies to the Supreme Court, as in other cases.

2. The main question to be determined as to the propriety of laying out a public road is, whether it is necessary for the public good and convenience.

3. Where in such case, the applicants submitted an issue whether such proposed road was necessary, it was not error for his Honor to add the words "to the public."

4. It is well settled that the omission of the trial Judge to charge the jury in a particular aspect of the case, is not ground for a new trial, when the complaining party did not ask for such a charge.

5. Evidence that there are private ways near to the proposed location of the public road asked for, is competent both before the County Commissioners and the jury on an appeal to the Superior Court, to show that the proposed road is not necessary, because the private ways fulfilled all the public needs.

6. It was agreed that the clerk might take the verdict, but by permission of the Court he was absent when the jury agreed, and they sealed their verdict up and handed it to the sheriff and separated. At the next session of the Court, the trial Judge ordered the jury into the box and the foreman opened the verdict and each juror agreed to it in the presence of the counsel for both sides; *Held,* that the verdict was regular, there being no suggestion that either the verdict or the jury had been tampered with.

(*Brown* v. *Calloway,* 90 N. C., 118; *Terry* v. *The Railroad,* 91 N. C., 236; *Fry* v. *Currie,* Ibid, 436; *Davis* v. *Council,* 92 N. C., 725; *Branton* v. *O'Briant,* 93 N. C., 99; cited and approved).

APPLICATION FOR A PUBLIC ROAD, heard on appeal from the County Commissioners, before *Connor, Judge,* and a jury, at August Term, 1886, of CASWELL Superior Court.

This was an application to the county commissioners of the county of Caswell, to have laid out and established a

public road in that county. Upon appeal to the Superior Court, the appellants prepared the following issue to be submitted to the jury: "Is a public road leading from Siddle's Store, on the Greensboro and Yanceyville road, to Lovelace's Shop, on the Greensboro and Danville road, necessary?" To this the Court added the words, "for the public." The appellants objected and excepted.

There was evidence tending to prove that the proposed road was necessary, and also the contrary. The evidence on both sides showed, that for a distance of six to eight miles there were two roads from the road at Siddle's Store to the road leading by Blackwell's Store, one being about three miles above and one three miles below said store, and that between these two roads there were two others, one by J. W. Cobb's and the other by Brackin and Badgett's, which the public used until after this controversy arose, when Cobb and Badgett, two or the petitioners, had for a short time prevented their use. It was also in evidence, that four roads used by the public, running east and west to Yanceyville, were in the same distance. There was no evidence that the roads by Cobb's and Badgett's and Brackin's had ever been worked as public roads, but they had been used for a long period without objection until this suit. A private road was used along the whole of the proposed route except from Blackwell to Mrs. Blackwell's, about two miles. This had only been used by her permission.

His Honor, in his charge to the jury, stated that to constitute a public road there must be a user for more than twenty years adversely to the owner of the land, and explained to the jury the law under which parties are entitled to have roads opened.

He stated that the jury could consider the evidence in regard to the road by Cobb's and the one by Badgett and Brackin's, with all the evidence in the case, and decide the question submitted to them. The testimony consisted largely of examination of witnesses in regard to a map

used by the counsel, but not furnished to the Court.  It was agreed by the counsel, that the Judge need not take any notes of the evidence, and no objection was made to any portion of the charge until after the verdict was rendered, when the plaintiffs excepted, for that upon the evidence the Court should have told the jury that the cross-roads were private ways, and not have left the question to them, as to the character of the cross-roads.

At the conclusion of the trial it was agreed that the clerk might take the verdict of the jury, and the Court adjourned at 7 P. M., to 9½ o'clock, A. M., next day.  The jury coming to a conclusion at 11½ P. M., and the clerk having gone home by permission, they placed their verdict in an envelope and sealed the same, wrote on the back of the envelope, " verdict of the jury," and handed it to the sheriff of the county, who had the jury in charge, by instructions from the Judge.  The sheriff placed said envelope in his safe and locked the same.  The jury then separated.

On the meeting of the Court, the Judge, against the protests of the plaintiffs, had the jury called into the box and the foreman, in the presence of the jury, opened the envelope.  The verdict was thereupon returned and recorded in open Court, which was as follows :

"Is a public road leading from a point near Siddle's Store, on the Greensboro and Yanceyville road, to Lovelace's Shop, on the Greensboro and Danville road, a necessity for the public?

Answer—No."

Counsel for the parties being present, each juror stated that the same was his verdict.

At the assembling of the Court, the sheriff handed the envelope to the clerk.  There was no suggestion that either the verdict or the jury had been tampered with.

The plaintiffs' counsel objected to the verdict being received or recorded, or the Court finding any facts in connection therewith.

His Honor proceeded to render judgment, from which plaintiffs appealed, and assigned as error the matters herein before set forth.

*Mr. John W. Graham*, for the plaintiffs.
*Mr. J. A. Long*, for the defendant.

MERRIMON, J., (after stating the facts).   The statute (*The Code*, §2014,) invests the board of county commissioners in each county of the State, with full power and authority "to appoint and settle ferries; to order the laying out of public roads when necessary; to appoint where bridges shall be made; to discontinue such roads and ferries as shall be found useless, and to alter roads so as to make them more useful," within their county; §2038 prescribes that application shall be made "upon petition in writing" to have a public ferry or road laid out and established, and §2039 prescribes how persons dissatisfied with such application, the orders, and the action of the county commissioners in respect thereto, may appeal therefrom to the Superior Court, which Court, in term time, "shall hear the whole matter anew," and the parties to the proceeding, which is summary in its nature, "shall be entitled to have every issue of fact joined in said proceeding tried in the Superior Court in term time by jury;" and an appeal lies from that Court to this, as in other cases.

The roads thus allowed to be established, are public roads, such as are necessary to serve and promote the public advantage and convenience.   Hence, a proper and principal inquiry in every application to have a public road laid out is, "is it necessary for the *public* good and convenience?"   The purpose is not to serve the particular convenience of private individuals, except as they may realize such advantage incidentally, as constituent parts of the public.   If their circumstances are such as to require a private way, the statute

(*The Code,* §2056,) provides how such persons may obtain such way across the lands of others. The inquiry in the present case, was as to the public want. We therefore think, that the Court not improperly added to the issue proposed by the appellants, the words "for the public." These words presented the inquiry to the jury in a broader and more distinct view, while it was not an unjust or improper one. The issue as amended by the Court, made prominent the public, as distinguished from mere private advantage.

The appellants do not complain of the instructions given the jury by the Court, but they insist that it ought to have gone further, and told them, "that the cross-roads were private ways." They did not ask for such instruction, as they might have done if they desired it. In any view of it, it would have been incidental, and had reference to evidence not of much importance. It was not an essential part of the instructions the Court gave and ought to have given the jury. It is well settled, that the mere omission of the Court to give instruction in a particular respect that might have been given, if called to its attention in apt time by the party complaining, is not ground for a new trrial. *Brown* v. *Calloway,* 90 N. C., 118; *Terry* v. *Railroad,* 91 N. C., 236; *Fry* v. *Currie,* Ibid., 436; *Davis* v. *Council,* 92 N. C., 725; *Branton* v. *O'Briant,* 93 N. C., 99.

But if the rule of practice were otherwise, we should think there was no error, as contended, because, if the ways referred to were private ways, the evidence in respect to them was competent to be heard by the county commissioners, and by the jury, in determining the question as to the necessity for the proposed public road. If there were public roads in the neighborhood of that proposed, as the evidence tended to prove, there might be no necessity for it, especially while the private ways mentioned were kept open and allowed to be used by the public, as they have been for a long while. If the private ways serve the public purpose,

or to aid it, as they had done, it seems, for a long while, this might be a sufficient reason why the county commissioners should not order the laying out of a new road, and why the jury should find there was no necessity for such a one. It was competent to show that there were such private ways—that they were open and used by the public, or that, though they had been open and used, the owners of them, or of the soil over which they passed, had closed them. So that the appellants were not prejudiced, as they contended.

The exception in respect to the verdict was properly abandoned. It cannot be sustained.

There is no error, and the judgment must be affirmed. No error. Affirmed.