CYNTHIA RUSSELL v. CAROLINA CENTRAL R. R. CO.

*Negligence and Contributory Negligence—Province of Court and Jury Respectively—Approaching Crossings.*

1. It is negligence for an engineer of a moving train to fail to give some signal of its approach to a crossing of a public highway, or a crossing habitually used by the public.

2. A person approaching a railroad crossing should diligently look out for approaching trains. A failure so to do constitutes contributory negligence. But a failure to be on the lookout because of the omission of the servants of the railroad to give the usual and proper signals is not contributory negligence.

3. A person who drives up to a railroad crossing where gates are kept, which it is the custom of the railroad company to have closed when danger to the passage of vehicles may be expected is not negligent if he drive through such gates when open, without stopping to look or listen for the approach of a train. The same rule applies where it is the custom of the railroad company to keep sentinels at crossings to warn people of anticipated danger.

4. The relative rights and powers of the court and jury in actions involving questions of negligence and contributory negligence may be defined thus :

(*a.*) Where the facts are undisputed, and but a single inference can be drawn from them, it is the exclusive duty of the court to determine whether the injury was caused by the negligence of one or the concurrent negligence of both of the parties.

(*b.*) Where the testimony is conflicting upon any material point, or more than one inference may be drawn from it, it is the province of the jury to find the facts or make the deductions.

(*c.*) It is the duty of the judge to instruct the jury, when requested to do so, whether, in any given phase of contradictory evidence, or in case an inference fairly deducible from the testimony, or any aspect of it, should be drawn by them, either of the parties would be deemed culpable in law.

(*d.*) Where the testimony is conflicting, or fair minds may deduce more than one conclusion from it, it is the province of the jury, under instructions from the judge, to determine whether either of the parties failed to exercise reasonable care, or to use such diligence as a prudent man, in the conduct of his own affairs, would have exercised under all the surrounding circumstances.

(*e.*) It is not the duty of the judge, without special request, to instruct upon every possible aspect of the evidence, or as to every conceivable deduction of fact which may be drawn from it.

CIVIL ACTION, tried before *Timberlake, J.*, at August Term, 1895, of UNION Superior Court.

Verdict and judgment for plaintiff. Defendant appealed.

The following issues were submitted to the jury and agreed to, except 3d, which was objected to by the defendant, upon ground there was no evidence to support it, to-wit:

" 1st. Was the plaintiff injured, as described in the complaint, by the negligence of the defendant railroad company ?   Answer: ' Yes.'

" 2d. If so, did plaintiff contribute to her injury by her own negligence ?   Answer: ' No.'

" 3d. Could the defendant, by the exercise of reasonable care and prudence, have avoided the injury ?

" 4th. What damage, if any, has the plaintiff sustained ? Answer : ' One thousand dollars.' "

The court told the jury if they found 1st issue " Yes," and 2d issue " No," not to answer the 3d issue, and hence there was no response thereto.

Defendant asked for following special instructions :

" 1. The burden is on the plaintiff to show that the negligence of the defendant was the proximate cause of the injury she received, and unless she shows this by a prepon-

·derance of the evidence, she cannot recover, and the answer to the first issue should be 'No.'

" 2. If the plaintiff, or her husband, by the exercise of her senses, could have seen or heard the approaching train, and failed to do so, and her injury was caused thereby, it was negligence on her part, and she cannot recover, and the answer to the second issue should be ' Yes.'

" 3. Under the circumstances of the case, as shown by the evidence, it was the duty of the plaintiff and her husband, to stop, look and listen to tell whether a train was approaching, and if she failed to do so, and her injury was caused thereby, this is contributory negligence, and she cannot recover, and you will answer the second issue ' Yes.'

" 4. Although the engineer may have failed to give the blows for the crossin ʳ, still it was the duty of the plaintiff and her husband to *stop*, look and listen before attempting to cross the track ; and if she failed to do so, and her injury was caused thereby, she cannot recover, and the answer to the second issue would be ' Yes.'

" 5. That if the plaintiff, or her husband, before reaching the crossing on the G., C. & N. Railway, could have seen or heard the approaching train, and failed to do so, and her injury was caused thereby, this would be contributory negligence on her part, and she could not recover, and your answer to the second issue should be ' Yes '; and this would be so even if the defendant did not give the blow for crossing.

" 6. That if the plaintiff, or her husband, at any time after passing crossing on G., C. & N. Railway, had stopped the buggy, looked and listened, and could have seen or heard the approaching train, and failed to do so, and her injury was caused thereby, this would be contributory

negligence, and she cannot recover, and your answer to the second issue will be ' Yes '; and this would be so even. if defendant did not blow for the crossing.

" 7.  When a railroad crosses a public road on a level or· at grade, the railroad has the right of way, and persons traveling on the public road must yield precedence to the train, and if the plaintiff, or her husband, by the exercise of ordinary care, could have seen or heard the train at any point far enough from the crossing on the C. C. Railroad to have stopped the horse before reaching the crossing and avoided the collision, and failed to do so, this would have been contributory negligence, and plaintiff could not recover, and you should answer the second issue ' Yes '; and this would be so even if defendant did not blow for the crossing.

" 8.  That if the view of the line of railroad was partially obstructed from public road, the plaintiff and her husband traveling in a top buggy, top up, with side curtains, the. opportunity to turn from the road from G., C. & N. cross- ing to C. C. crossing unsafe, the distance about 290 feet, it was the duty of the plaintiff and her husband to exer- cise a high degree of care before making either crossing, and to take every prudent precaution to avoid a collision, stop, look and listen, even if no regular train was expected to pass, or if the railroad had not given notice of its approach, and if plaintiff and her husband failed to do so, and her injury was caused thereby, she cannot recover, and you should answer the second issue ' Yes.'

" 9.  If you answer the second. issue ' Yes ' you need not answer the third issue.

" 10.  If you answer the first issue ' No ' you need not answer the second and third issues.

" 11.  That if the defendant road blew for the road cross- ing you will answer _____ issue ' No.'

" 12. That if the defendant gave any signal of its appoach to the crossing sufficient to alarm the plaintiff of its approach you will answer the first issue ' No.'

" 13. That if the jury believe the engineer was keeping a proper lookout, and after he discovered the plaintiff used every effort that he could with the appliances at his command to avoid the collision, and was unable to do so, you will answer the third issue ' No.'

" 15. It was not the duty of the engineer to stop and look out on the track of the G., C. & N. Railway further than he was traveling in its direction, viz., at junction switch of C. C. R. R. and G., C. & N. Railway. That it was his duty and that of his fireman to keep a proper lookout on the C. C. R. R., so far as their duties would permit, and if they did so and could not and did not see the plaintiff's buggy until it crossed the G., C. & N., seventy-eight to ninety yards from C. C. crossing, and when they saw that the buggy did not stop, and at that time they were so near the C. C. crossing that then the engineer could not stop his train with the appliances at hand, and that he made every effort that could be made with the appliances at hand, the plaintiff could not recover, and it would be the duty of the jury to answer the third issue ' No.' "

In lieu of the special instructions asked by the defendant the court charged the jury as follows :

For No. 1. Given exactly, with the addition that the third issue should be answered " No."

For No. 2. If the plaintiff, or her husband, by the exercise of their senses, could have seen or heard the approaching train and failed to do so, and her injury was caused thereby, it was contributory negligence on her part, and the answer to the second issue should be " Yes."

For No. 3. Under the circumstances of this case, as shown by the evidence, it was the duty of the plaintiff and

her husband to look and listen to tell whether a train was approaching, and if she failed to do so, and her injury was caused thereby, this was contributory negligence, and you will answer the second issue " Yes."

For No. 4. Although the engineer may have failed to give the blows for the crossing, still it was the duty of the plaintiff and her husband to look and listen before attempting to cross the tracks, and if she failed to do so, and her injury was caused thereby, she is guilty of contributory negligence, and the answer to the second issue should be " Yes." But if you should further find that if the engineer had rung the bell or sounded the whistle at a reasonable distance from the crossing, and he failed to do it, and the locality and position of plaintiff was such as that she could have heard said signal, if it had been given, and would not have attempted to cross, notwithstanding she did not look and listen, in this event the proximate cause of plaintiff's injury would be defendant's negligence and you will answer the third issue " Yes."

For No. 5. Given exactly as requested, except the clause " and she cannot recover " was stricken out.

For No. 6. That if the plaintiff, or her husband, at any time after passing the crossing on the G., C. & N. Railway, had looked and listened, and could have seen or heard the approaching train, and failed to do so, and her injury was caused thereby, this would be contributory negligence, and your answer to the second issue will be " Yes"; and this would be so even if defendant did not blow for the crossing.

For No. 7. When a railroad crosses a public road on a level or at a grade the railroad has the right of way, and persons traveling on the public road must yield precedence to the train, and if the plaintiff, or her husband, by the exercise of ordinary care, could have seen or heard the train at any point far enough from the crossing on the

C. C. R. R. to have stopped the horse before reaching the crossing, and avoided the collision, and failed to do so, this would be contributory negligence, and you should answer the second issue " Yes ; " and this would be so even if defendant did not blow for the crossing. Yet those in charge of trains are bound to give reasonable warning so that a person about to cross may stop and allow the train to pass, and if you should further find said warning was not given as before explained, and further, that if it had blown plaintiff would have heard it, and not attempted to cross, your answer to the third issue would be " Yes."

For No. 8. Given exactly, except the clause " she cannot recover," just at the close, was stricken out.

Nos. 9, 10, 11 and 12 were refused.

Nos. 13 and 14 were given.

For No. 15. Given exactly, with the addition " provided further you find that the signal was given at a reasonable distance from the crossing."

The court also gave the following instructions asked for by plaintiff:

" The law devolves upon the defendant company the duty to give due and proper signals when approaching crossings, so as to warn travelers of the approach of their trains, and if in this case the defendant failed to give such signal, at a reasonable distance from crossing, either by blowing whistle or ringing bell, the defendant was guilty of negligence, and if such failure was proximate cause of plaintiff's injury the jury should answer the 1st and 3d issues ' Yes.'

" The law devolves upon the defendant company the duty to keep a diligent outlook for travelers in operating its trains when approaching public crossings, and especially is this true in cities and populous towns, where a higher degree of care is required than when in the open country,

and if in this case the defendant company failed to keep such lookout, and such failure was proximate cause of plaintiff's injury, the jury should find 3d issue ' Yes.'

"Even if jury should believe the plaintiff was careless in exposing herself, yet if she would not have gone on crossing but for the negligence of the engineer in failing to give proper signal, if he did so fail, defendant would still be liable for damages resulting from collision, and you should answer 3d issue ' Yes.'

"If the defendant's engineer could, by use of appliances he had at hand, after he saw and realized plaintiff's peril, have so checked his speed as to have avoided injury without endangering his train or persons on it, and he failed to do so, jury should answer 3d issue ' Yes.'

"If the defendant's engineer could, by the exercise of a vigilant outlook, have seen plaintiff's danger in time to check his speed and avert the danger with appliances he had at hand, without danger to his train or persons on it, and failed to keep such outlook and to discover plaintiff's peril, and such failure was proximate cause of plaintiff's injury, jury should answer 3d issue ' Yes.'

"If the jury should find 1st issue ' Yes,' or the 3d ' Yes,' or both ' Yes,' you will consider what damage, if any, plaintiff has sustained, and in passing upon this may properly take into consideration any and all losses they may find from the evidence the plaintiff is likely to sustain in future resulting from loss of time, loss from inability to perform physical or mental labor, loss of capacity to earn money, and practical suffering of body and mind, which are the immediate and necessary consequences of her injury. There is no evidence of any expenditure for medicine or doctors' bills, and you will not consider this."

After recapitulating evidence and giving fully the con-

118—70

tentions of both parties, the court charged the jury as
follows :

On 1st Issue. If you find that the engineer failed to give
signal either by blowing whistle or ringing bell at a rea-
sonable distance from the crossing, such as described by
the witnesses, this would be negligence, and you would
answer 1st issue " Yes." If you find signal was given at
reasonable distance, then you will answer 1st issue " No."
Defendant excepted to this charge.

On 2d Issue. The law imposes on the plaintiff the duty
to look out for the approach of the trains and to observe
all reasonable precautions before attempting to cross the
track, and if you find that she did not look and listen to
ascertain if a train was coming and observe all reasonable
precautions to avoid danger, you will find the 2d issue
" Yes." If she did look and listen and observe all rea-
sonable precautions you will find that issue " No." Defend-
ant excepted to this charge.

On 3d Issue. If you find the 1st and 2d issues " Yes,"
that is to say, if you find plaintiff failed to look and listen
and observe reasonable precautions before crossing, and
further find that the engineer failed to give signal as
before explained in these instructions, still if you further
find that if he had given such signal she would have heard
same, and would not have attempted to cross, defendant's
negligence would be proximate cause of plaintiff's injury,
and you will find 3d issue " Yes." Defendant excepted
to this charge.

On 3d Issue. If you find 1st and 2d issues " Yes," that
is to say, if you find plaintiff failed to look and listen and
observe all reasonable precautions before crossing, and
further find that the engineer failed to give signal as before
explained in these instructions; still if you further find
that the engineer saw said plaintiff in time to check his

speed and avert the danger with the appliances at hand without danger to his train or persons on it, then the defendant failed to use reasonable care and prudence, and you will answer 3d issue " Yes." Defendant excepted to this charge.

On 3d Issue. If you find the plaintiff failed to look and listen and the defendant failed to give signal as before explained, and further find that if such signal had been given she would not have heard it without looking and listening, and would have gone on, you will answer 3d issue " No," unless, as before explained, you should find that the engineer saw plaintiff in time to check his speed, avert the danger, and failed to use reasonable care and prudence. Defendant excepted to this charge.

On 3d Issue. If you find that after seeing plaintiff the engineer used reasonable care and prudence to stop the train you will find third issue " No," unless you should find, as before explained, that if proper signals had been given plaintiff could have heard train and not attempted to cross, notwithstanding her failure to look and listen. Defendant excepted to this charge.

On 4th Issue. You will allow a reasonable satisfaction for loss of both bodily and mental powers, or for actual suffering both of body and mind, which are the necessary and ·immediate consequences of her injury. Defendant excepted to this charge.

The court fully explained to the jury which instruction applied to the different issues, and told them not to consider the third if their answer to the first should be " Yes" and to the second " No."

### DEFENDANT'S MOTION FOR NEW TRIAL.

" For error in court for admitting incompetent testimony and refusing to admit competent testimony, as

appears from exceptions in this statement.   For error of court in giving instruction excepted to by defendant in this statement.

"For error of court in refusing to give instructions asked for by defendant."

And defendant further excepted to the submission of 3d issue.

*Mr. Frank I. Osborne*, for plaintiff.
*Messrs. McRae & Day*, for defendant (appellant).

AVERY, J. : It is the duty of an engineer in charge of a moving train to give some signal of its approach to the crossing of a public highway over a railway track or to a crossing which the public have been habitually permitted to use; and where he fails to do so, the railway company is deemed negligent and answerable for any injury due to such omission of duty.   *Hinkle* v. *Railroad*, 109 N. C., 472 ; *Randall* v. *Railroad*, 104 N. C., 410 ; *Gilmore* v. *Railroad*, 115 N. C., 657.

On the other hand it is ordinarily the duty of a person, who is approaching a crossing of a railway track, though not at the time fixed by the schedule for the passing of any train, to make diligent use of his senses in order to discover whether there is reason to apprehend danger of a collision, and the failure to do this usually constitutes contributory negligence; and, where the injury might have been averted by taking such precaution, the plaintiff cannot recover.   But where a plaintiff does listen and look and is induced to go upon the track because of the failure of the railroad company to give a signal at the usual place in approaching a crossing, the ensuing injury, in case of a collision, is attributed to the omission of the company to warn such person of danger, and not to his

carelessness. *Hinkle* v. *Railroad*, *supra*. And even where the plaintiff exposes himself to danger, if he is induced to incur the risk because of the failure to sound the whistle or ring the bell at the usual place, the omission to listen and look is deemed excusable or not culpable, because he is misled by the conduct of the company. *Alexander* v. *Railroad*, 112 N. C., 720, 734. A person is careless when he neglects to provide against danger that he has reasonable ground to apprehend, or against deleterious consequences that are the natural or probable result of his act. *Tillett* v. *Railroad*, decided at this Term.

A person who drives up to a crossing in a town or city where it is the custom to close the gates, so as to prevent the passage of vehicles when trains are appreaching and to open them when there is no danger, is not negligent if he drive through such gate when open without stopping to look or listen. The same rule applies where the company is accustomed to keep a sentinel on post to give warning of danger, and a person is induced to drive upon the track because the watchman is not on duty. The plaintiff had a right to expect that the company would not omit to give the usual alarm, and was not culpable for acting upon that supposition. *Hinkle* v. *Railroad*, *supra*. .

The three issues are not in the form suggested and declared, in *Nathan* v. *Railroad*, decided at this Term, to be ordinarily best. But this is not the ordinary case of negligence on the part of a defendant intervening as an operative cause of injury after the carelessness of a plaintiff.

The question whether the plaintiff had been thrown off her guard by the omission to give the signal, was preliminary to, and very distinct from, the inquiry whether the engineer might, by reasonable care, have discovered that she was in danger in time to have averted the accident notwithstanding her previous carelessness. Here, if the

jury believed that the plaintiff was induced to expose herself by the failure to give the alarm, it was their duty to find, in answer to the first issue, that the injury was due to the defendant's negligence, and, in response to the the second issue, that she was not culpable for exposing herself to danger. The question whether, under any given circumstances, it would have been a prudent precaution to stop as well as listen and look in order to acquire more accurate information as to the peril of going upon the track, is a mixed one, and it is the peculiar province of the jury to pass upon it. In *Gilmore* v. *Railroad*, *supra*, the Court held that it was for the jury, in view of all the testimony as to the surrounding circumstances, to say whether it was imprudent for the plaintiff to venture upon the track with his team. This ruling, it is contended, is in conflict with the principle laid down in *Emry* v. *Railroad*, 109 N. C., 589, and it must be admitted that this is true. If the rule of the prudent man is not to be given as a guide to the jury, then, where a case is submitted to them because the evidence is conflicting or for the reason that more than one inference can be drawn, it follows as an inevitable conclusion that the Court must anticipate every hypothetical phase which might arise out of the contradictory testimony and all of the varying deductions which might be drawn, and tell the jury beforehand whether, in any aspect presented by a possible finding of fact, the conduct of a party charged with negligence would come up to, or fall short of, the legal standard of the ideal prudent man. In every instance where the trial judge fails to work out and present all possible combinations of fact, or all inferences fairly deducible from the evidence, the jury must be left, despite the iron-clad rule laid down in the leading opinion in *Emry's* case, to determine whether the facts as found by them were character-

istic of a prudent or imprudent man. But *Gilmore's* case was one where more than a single inference was deducible, and it was held to be the office of the jury not only to make the deductions but to apply the rule of the prudent man to them after they were made. This ruling is utterly irreconcilable with that in *Emry's* case. But while in *Tillett* v. *Railroad*, decided at this Term, *Emry's* case was conceded to be authority upon this point, the later case of *Hinshaw* v. *Railroad* can be construed in no other way than as overruling *Emry's* case.

The substance af the rule, as stated in *Emry's* case, was that when the facts were controverted, or the inferences to be drawn from them were doubtful, the jury must find the facts or draw the inferences, and " the court must instruct them as to the law applicable to the same." The court cannot instruct upon a state of facts not yet found, and unless the judge, of his own motion, or with the aid of counsel, can anticipate every conceivable aspect of the testimony upon which a verdict might be based, there must be left some hypothetical phase of it, which, if adopted, would leave the jury with no better or other guide than that furnished by the standard of the ideal prudent man. In overruling *Emry's* case this Court substitutes, necessarily, the rule prevailing in England and adopted by the Supreme Court of the United States, and the courts of almost all of the states, for that therein laid down.

The relative rights and powers of the court and jury in the trial of actions raising issues as to negligence and contributory negligence, may be defined as follows :

1. Where the facts are undisputed and but a single inference can be drawn from them, it is the exclusive duty of the court to determine whether an injury has been caused by the negligence of one or the concurrent negligence of both of the parties.

2. Where the testimony is conflicting upon any material point or more than one inference may be drawn from it, it is the province of the jury to find the facts or make the deductions.

3. It is the duty of the Judge to tell the jury, at the request of counsel, whether in any given phase of contradictory evidence or in case an inference fairly deducible from the testimony, or any aspect of it should be drawn by them, either of the parties would be deemed in law culpable.

4. Where the testimony is conflicting or fair minds may deduce more than one conclusion from it, it is the province of the jury, after hearing such instructions as may be submitted by the court for their guidance, to determine whether either of the parties charged with negligent omission to exercise reasonable care or to use such diligence as a prudent man in the conduct of his own affairs would have exercised under all of the surrounding circumstances.

5. It is not the duty of the *nisi prius* Judge to instruct, without special request, upon every possible aspect of the evidence or as to every conceivable deduction of fact which may be drawn from it. *Morgan* v. *Lewis,* 95 N. C., 296; *Brown* v *Calloway,* 90 N. C., 118.

While we see no error in the instruction given in relation to the third issue, it is not material to discuss it. The jury under the instruction given must have concluded that the defendant negligently omitted to give the signal and that the plaintiff was not culpable, and hence have deemed it unnecessary to respond to the third issue. The judgment is affirmed.

Affirmed.