JOHN L. NELSON and S. H. Loftin v. ATLANTA HOME
INSURANCE COMPANY.

*Action on Fire Insurance Policy—Insurance—Additional Insurance—Title—Disagreement Between Insurers and Insured—Trial—Instructions to Jury.*

1. The possession of land under a deed apparently good and sufficient, properly acknowledged and recorded and unimpeached, is sufficient evidence of title ; and where such facts appeared on the trial of an issue as to whether plaintiff was the owner of certain property it was not error to instruct the jury that, if they believed the evidence, they should answer in the affirmative.

2. Where, on the trial of an issue whether plaintiff in an action on a fire insurance policy (which contained a provision making it void if the insured should procure other insurance without the assent of the insurer) had accepted other insurance placed on the property, as he alleged, without his knowledge or consent, an instruction that defendant contended that plaintiff had "received and accepted" such additional policy, and that, if such receipt and acceptance was established, the issue should be found against the plaintiff, preceded by a reading of the trial judge's minutes of the testimony, was sufficiently full and explicit in the absence of a request for further instructions.

3. Ratification is the subsequent affirmance or adoption of the act of another, or of the voidable contract of the party himself, but it must be made before any liability accrues under the contract; hence, one to whom a policy of insurance was issued without his knowledge or consent and who did not intend to accept it when it was issued, cannot accept it after a loss, and the filing of proofs of loss thereunder is not an acceptance such as will violate a provision in an existing policy against additional insurance.

4. A contention between the parties to a policy as to whether additional insurance had been taken in violation of a condition in the policy in suit, is not a "disagreement as to the amount of the loss," although, if both policies had been valid, the loss would have been divided ; hence, where such contention was the only disagreement claimed, a lack of fullness in an instruction as to the *amount* of the loss was not error.

CIVIL ACTION, on a policy of insurance, tried at November Term, 1896, of LENOIR Superior Court, before *Coble, J.,* and a jury.

The following were the issues submitted to the jury and the responses thereto:

1. Was the plaintiff, Nelson, the owner of the said building destroyed?

Answer: Yes.

2. Were the buildings described in the said policy of insurance destroyed by fire on February 28, 1895?

Answer: Yes.

3. Did the plaintiffs have at the time of the issuing of the policy of insurance, or did they afterwards have, any other contract of insurance, whether valid or not, on the property covered by the policy of insurance declared on?

Answer: No.

4. If so, did the defendant company agree thereto in writing on the policy declared on?

Answer —— ——

5. Has the plaintiff furnished proof of loss to the defendant as required by the policy of insurance declared on?

Answer: Yes.

6. Has there been any arbitration to ascertain the amount of loss prior to the institution of this suit?

Answer: No.

7. Did the defendant notify the plaintiffs, or either of them, that it would not pay the amount of the policy and decline to pay the amount of the policy prior to the expiration of 60 days after the fire?

Answer: Yes.

8. Has there been any disagreement between the plaintiffs and the defendant as to the amount of loss prior to the commencement of this action?

Answer: No.

9. What damage, if any, are the plaintiffs entitled to recover of the defendant?

Answer: Two Thousand Dollars, with six per cent interest from June 27th, 1895, until paid.

There was judgment according to the verdict and the defendant appealed.

*Mr. Geo. Rountree,* for plaintiff.
*Messrs. Allen & Dortch,* for defendant (appellant).

DOUGLAS, J.: This was a civil action on a policy of fire insurance issued by the defendant to the plaintiff, Nelson, as owner, and payable to the plaintiff, Loftin, as mortgagee, in which was the following condition: "This entire policy, unless otherwise provided by agreement, indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." The defendant alleges that this condition was broken by the issuance to the plaintiff, Nelson, of a policy of insurance covering the same property by the Western Assurance Co., of Toronto, Canada. The plaintiff, Nelson, maintains that this latter policy was issued without his knowledge or procurement, and was never accepted by him. Nine issues were submitted to the jury without objection, all of which were found for the plaintiffs.

There are three exceptions, all to the charge. The first was to the charge on the first issue, where his Honor told the jury that if they believed the evidence they would answer this issue "Yes." We see no error therein. The plaintiffs introduced two deeds covering the land in question to Nelson, who, in his testimony, identified the land. There was no other evidence on this issue, and as it was direct, full and uncontradicted, the jury could come to no other possible conclusion if they believed it. Its credibility was left to them, and the charge of his Honor amounted practically to telling them what would be the

legal effect of the facts if found. *Hannon* v. *Grizzard*, 89 N. C., 115; *Gaither* v. *Ferebee*, 60 N. C., 310; *Chemical Co.* v. *Johnson*, 101 N. C., 223; *Purifoy* v. *Railroad Co.*, 108 N. C., 1C0. The possession of land under a deed apparently good and sufficient, properly acknowledged and recorded and unimpeached, is sufficient evidence of title.

The second exception was "to the charge upon the third issue, for that his Honor did not present the contentions of the defendant, and did not explain the law arising upon a consideration of the evidence bearing upon this issue."

The Judge, after reading to the jury his notes of the evidence at the beginning of his charge, instructed them as follows on this issue: "The third issue submitted to the jury is, Did the plaintiffs have at the time of the issuing of the policy of insurance or did they afterwards have any other contract of insurance, whether valid or not, on the property covered by the policy of insurance? The burden of this issue is upon the defendant to show by the greater weight of the evidence that the plaintiffs did have another contract of insurance, whether valid or not, on the property covered by the policy of insurance. The defendant contends that the plaintiffs did have another contract of insurance on the property covered by the policy of insurance. It contends that the plaintiffs had received and accepted from the Western Assurance Co. a policy for three thousand dollars on the property covered by the policy of insurance sued on. The plaintiffs contend that they had no other policy on this property. This is for the jury to determine from the evidence in the case. If Nelson received and accepted a policy of insurance from the Western Assurance Co., a policy covering the property covered by the policy sued on, then the jury will answer the third issue 'Yes.' If the defendant has failed to show the affirm-

ative of the third issue by greater weight of evidence, then the jury will answer the third issue 'No.' "

We think this is sufficiently explicit, taken in connection with the testimony. The simple question at issue was, not whether the policy of the Western Assurance Co. was valid, but whether it was accepted by the plaintiff, Nelson. There can be no possible question of ratification, which is the subsequent affirmance or adoption of the act of another, or of the voidable contract of the party himself. There is no pretence that Nelson *authorized* Midgette to issue this policy, and the only evidence of its acceptance by Nelson was the fact that he did not return it immediately upon receipt, and that after the fire he sent to the Western Assurance Company a proof of loss containing the remarkable statement that "this policy was issued by your company through its agent voluntarily and without the knowledge or procurement of this affiant." It is needless to say that he got nothing from this company, and yet this is relied on as a *ratification*. A ratification of what? Surely not of the policy, for it will scarcely be contended that the assured can, after the property insured has been destroyed, accept a policy issued without his knowledge or procurement, and which at the time of issue he never intended to accept. In the absence of any prayer for fuller instructions, we think the charge sufficient. *Morgan* v. *Smith*, 77 N. C., 37; *King* v. *Blackwell*, 96 N. C., 322; *Morgan* v. *Lewis*, 95 N. C., 296; *Boonee* v. *Murphy*, 108 N. C., 187; *Willey* v. *Railroad*, 96 N. C., 408.

The third and last exception was "to the charge upon the eighth issue, for that his Honor did not present the contentions of the defendant and did not explain the issue or the law arising thereon." The charge on that issue was as follows: "The eighth issue is, has there been any disagreement between the plaintiffs and the defendant as

to the amount of loss prior to the commencement of this action? The plaintiffs contend that there has been no disagreement between them and defendant as to the amount of loss prior to the commencement of this action, and the burden of showing that there was no such disagreement is on the plaintiffs and they must show this by a preponderance of evidence, and if they have done so, then the jury will answer the issue "No." If there was a disagreement between the plaintiffs and defendant prior to the commencement of this action, the jury will answer this issue "Yes." We might have some difficulty about this portion of the charge were there any merit in the defendant's contention relating thereto, which is so purely technical as almost to furnish its own answer. It is as follows: "The defendant contended before the court and jury, upon the eighth issue, that the undisputed evidence of a disagreement as to the amount of loss, that there had always been a disagreement as to the issuing and validity of the Western Assurance policy, and if it was valid both policies aggregated more than the entire loss, and both containing the three-fourths value clause, the loss that would fall on the defendant must in any event be less than $2,000."

The real contention of the defendant was, not *what amount* it should pay the plaintiffs, but whether it should pay them anything at all, as it set up the policy in the Western Assurance Company, not in diminution of the recovery but as a bar to the action. There was no disagreement as to the value of the property destroyed, three-fourths of which is largely in excess of the defendant's policy.

As we see no substantial error in the charge, the judgment is affirmed.

Affirmed.